**Anant Kumar TRIPATI,**
**Petitioner–Appellant,**

v.

**Gary L. HENMAN,**
**Respondent–Appellee.**

No. 86–1899.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 1987.*

Memorandum Filed Feb. 23, 1988.

Order and Opinion Filed April 7, 1988.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Anant Kumar Tripati, in pro. per.

Susan A. Ehrlich, Asst. U.S. Atty., Appellate Div., and James D. Whitney, Asst. U.S. Atty., Tucson, Ariz., for respondent-appellee.

Before HUG, BOOCHEVER and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

Appellant was convicted in the District of Wyoming on various federal bank fraud charges and was sentenced to prison in 1984. Appellant unsuccessfully moved for a new trial and to vacate his sentence under 28 U.S.C. § 2255. The record is not clear as to the grounds raised in the section 2255 petition.

In 1986, Appellant filed this section 2241 petition in the District of Arizona where he is incarcerated. He contends that his conviction is invalid because he was prosecuted to prevent judicial review of actions of the Comptroller of the Currency and that his

prosecution was motivated by improper racial or ethnic purposes. As evidence, appellant offers a copy of a letter allegedly written by the prosecuting United States attorney to the Office of the Comptroller of the Currency, stating:

I have conducted discussions with Ms. Stephanie Allen of your staff concerning the likelihood of Mr. Tripati's bringing actions for judicial review, and we conclude that the best defense seems to be direct, forceful criminal prosecution. Because of Mr. Tripati's East Indian background, certain parties connected with the various banks have agreed to modify their statements in exchange for immunity from prosecution. I have spoken with the local judicial officers to solicit their support.

The district court determined that the claims must be brought in a section 2255 motion to the sentencing court and thus dismissed the action for lack of jurisdiction. After unsuccessfully moving for reconsideration under Fed.R.Civ.P. 59, Tripati timely appeals (CR 38, 41).

It is noted that at the time he filed his habeas petition, Tripati's direct appeal of his conviction was pending in the Tenth Circuit Court of Appeals. The Tenth Circuit affirmed that conviction and denied Tripati's motion for rehearing en banc. On October 6, 1986 the Supreme Court denied appellant's petition for writ of certiorari on that decision. *Tripati v. United States,* —— U.S. ——, 107 S.Ct. 151, 93 L.Ed.2d 91 (1986).

This Court has held that "[e]xcept under most unusual circumstances ... no defendant in a federal criminal prosecution is entitled to have a direct appeal and a section 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence." *Jack v. United States,* 435 F.2d 317, 318 (9th Cir.1970).

There appear to be no unusual circumstances here which would trigger such an exception. However, while appellant's direct appeal to the Tenth Circuit has been exhausted, there remains a salient issue of the appropriateness of a section 2241 petition for a writ of habeas corpus rather than a section 2255 motion. Accordingly, we elect to deal with this appeal on the merits.

■ This court reviews de novo the dismissal of a petition for a writ of habeas corpus. *Jones v. United States,* 783 F.2d 1477, 1479 (9th Cir.1986).

■ A section 2255 motion to the sentencing court is generally the appropriate vehicle for challenging a conviction. 28 U.S.C. § 2255; *United States v. Hayman,* 342 U.S. 205, 217, 72 S.Ct. 263, 271, 96 L.Ed. 232 (1952); *United States v. Giddings,* 740 F.2d 770, 772 (9th Cir.1984). By the terms of section 2255, a prisoner authorized to apply for section 2255 relief may not bring a section 2241 petition for a writ of habeas corpus "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. A remedy is not inadequate or ineffective under section 2255 merely because the sentencing court denied relief on the merits. *Johnson v. Petrovsky,* 626 F.2d 72, 73 (8th Cir.1980); *McGhee v. Hanberry,* 604 F.2d 9, 10 (5th Cir.1979); *Boyden v. United States,* 463 F.2d 229, 230 (9th Cir.1972), *cert. denied,* 410 U.S. 912, 93 S.Ct. 974, 35 L.Ed.2d 274 (1973); *Redfield v. United States,* 315 F.2d 76, 83 (9th Cir.1963); *see also Estep v. United States,* 316 F.2d 767, 769 (9th Cir.1963) (unspecified fear of different treatment is not sufficient), *cert. denied,* 376 U.S. 916, 84 S.Ct. 672, 11 L.Ed.2d 612 (1964).

In his habeas petition, appellant challenges the legality of his conviction. This claim can be raised in a section 2255 motion. *See* 28 U.S.C. § 2255. *Giddings,* 740 F.2d at 772. Appellant contends nevertheless that he should be allowed to raise his claim in a habeas petition because his section 2255 remedy is inadequate on two grounds. First, he contends that Wyoming district judges were implicated in a conspiracy to prosecute him for unlawful purposes and that both its judges are therefore biased against his case. Second, he contends that the Wyoming district court's summary

denial of his post-trial motions without a hearing indicates that the section 2255 remedy is ineffective.

 Appellant's second contention fails because the district court's previous denial of relief on the merits is not alone sufficient to show that the section 2255 remedy is inadequate. *See Boyden,* 463 F.2d at 230; *Redfield,* 315 F.2d at 83. To the extent that appellant's second contention asserts that the district court's summary denial without a hearing shows its bias towards him, it is identical to his first contention.

 Appellant's first contention is more difficult because the case law from the Supreme Court and this circuit has not fully explained what constitutes an "inadequate or ineffective" remedy. Specifically it is unclear whether the section 2255 remedy is inadequate when the sentencing court is biased.

*Madsen v. Hinshaw,* 237 F.2d 370, 371 (9th Cir.1956), is dispositive of appellant's first contention. In *Madsen,* this court considered whether the district judge's "prolonged and stubborn refusal" to rule on the section 2255 motion might render the remedy inadequate. The court concluded it would not because a writ of mandamus compelling district court action would make the section 2255 remedy effective.

Applying *Madsen,* appellant's section 2255 motion would not be "inadequate or ineffective" because of alleged judicial bias. Appellant has a remedy available by way of a motion for recusal or disqualification of biased judges that would make a section 2255 motion in the District of Wyoming an effective remedy even if his allegations of bias are true and sufficient. *See* 28 U.S.C. §§ 144, 455; *see also* Rule 4(a) Advisory Committee's Note, 28 U.S.C. foll. § 2255 ("A movant is not without remedy if he feels [that having the trial judge hear his section 2255 motion] is unfair to him. He can file an affidavit of bias. And there is the right to appellate review if the trial judge refuses to grant his motion." If both the district judges in the District of Wyoming were recused, a judge from outside the district could be assigned to hear

the case. 28 U.S.C. §§ 291(b); 292(b), (d); 296.

Accordingly, appellant is precluded from raising his claims in a habeas petition. Because a section 2255 motion may be brought only in the sentencing court, the Arizona district court, under this approach, correctly dismissed for lack of jurisdiction. *See* 28 U.S.C. § 2255; *Giddings,* 740 F.2d at 772.

We therefore affirm the dismissal of the petition.