981 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elpidio Corsino RODRIGUEZ, Petitioner-Appellant,
v.
J.L. SIVLEY, Respondent-Appellee.
 No. 92-15680.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 7, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Elpidio Rodriguez, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2241 habeas petition for lack of jurisdiction. We have jurisdiction under 28 U.S.C. 2253. We review the denial of a petition for habeas corpus de novo, Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir.1989), and we affirm.
 
 
 3
 The district court properly dismissed Rodriguez's section 2241 petition. Although this petition is presented as a petition for habeas corpus, it directly challenges Rodriguez's conviction. A challenge to a federal conviction is most appropriately brought as a motion under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988). Only a sentencing court has jurisdiction over a section 2255 motion. 28 U.S.C. § 2255.
 
 
 4
 Moreover, Rodriguez has not given any reasons to show that a section 2255 motion would be an inadequate or ineffective method of challenging his conviction. See Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963) (the burden is on the petitioner to show that the section 2255 remedy is ineffective or inadequate to test the legality of the his detention). Therefore, Rodriguez should direct his challenges to the sentencing court in a section 2255 motion. See id.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3