17 F.3d 394
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William E. HUTCHINGS VON LUDWITZ, Petitioner-Appellant,
v.
UNITED STATES of America; Mark A. Henry, Warden, Terminal
Island Federal Prison, Respondents-Appellees.
 No. 93-55698.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 7, 1994.
 
 Before: SNEED, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William E. Hutchings Von Ludwitz, a federal prisoner, appeals pro se the district court's dismissal of his petition for habeas corpus. We have jurisdiction under 28 U.S.C. Sec. 2253. We review the de novo, Grady v. Crabtree, 958 F.2d 874, 874 (9th Cir.1992) (per curiam). We affirm.
 
 
 3
 "A section 2255 motion to the sentencing court is generally the appropriate vehicle for challenging a conviction" obtained in federal court. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1987), cert. denied, 488 U.S. 982 (1988). A prisoner authorized to apply for 2255 relief may not instead bring a section 2241 petition for habeas corpus unless the remedy under section 2255 is inadequate or ineffective to test the legality of the detention. See id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963).
 
 
 4
 Here, the district court correctly dismissed Hutchings Von Ludwitz's section 2241 petition for habeas corpus challenging his conviction because it should have been brought as a motion pursuant to section 2255 in Oregon, where he was sentenced. See Tripati, 843 F.2d at 1162. Hutchings Von Ludwitz has made no showing that a section 2255 motion is inadequate. He merely appears to argue that he has filed previous section 2255 motions which have been denied. A section 2255 motion is not inadequate merely because the sentencing court denies relief. See id. at 1162-63. Because Hutchings Von Ludwitz has not carried his burden of showing that a section 2255 motion would be inadequate or ineffective, the district court did not err by dismissing his petition for habeas corpus without prejudice. See id.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3