24 F.3d 244
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Martin BARRAZ-MEZA, Petitioner-Appellant,
v.
J.L. SIVLEY, Respondent-Appellee.
 No. 92-15568.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 14, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martin Barraz-Meza, a federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2241 habeas petition for lack of jurisdiction. We review de novo, Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988) and affirm.
 
 
 3
 Generally, a federal prisoner must file a motion pursuant to 28 U.S.C. Sec. 2255 if he is challenging his conviction or sentence. Id. A prisoner may not file a Sec. 2241 habeas petition unless the Sec. 2255 motion would be inadequate or ineffective to test the legality of his detention. Id.; 28 U.S.C. Sec. 2255. Only the sentencing court has jurisdiction over motions filed pursuant to 28 U.S.C. Sec. 2255. Tripati, 843 F.2d at 1163.
 
 
 4
 Here, Barraz-Meza contends that the district court erred in dismissing his petition for lack of jurisdiction because he is not challenging his conviction. This contention lacks merit.
 
 
 5
 Barraz-Meza argues that the government lacked jurisdiction to prosecute him, the government failed to charge him with a crime, and his sentence exceeds the maximum penalty. All of these claims involve challenges to Barraz-Meza's conviction or sentence. Since challenges to a conviction or sentence must be filed pursuant to Sec. 2255, the district court did not err in dismissing Barraz-Meza's habeas petition. See Tripati, 843 F.2d at 1162. In addition, Barraz-Meza has not shown that his remedy under Sec. 2255 is inadequate or ineffective. See id.
 
 
 6
 Moreover, the district court could not construe Barraz-Meza's Sec. 2241 petition as a Sec. 2255 motion, because only the sentencing court has jurisdiction over a Sec. 2255 motion. See 28 U.S.C. Sec. 2255; Tripati, 843 F.2d at 1163. Since the district court for the Southern District of California sentenced Barraz-Meza, he must seek relief from that district. See Tripati, 843 F.2d at 1163. Accordingly, the Arizona district court properly dismissed Barraz-Meza's habeas petition for lack of jurisdiction. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3