**Brandon MOSES, Petitioner,**

v.

**Warden J.W. TIPPY, Respondent.**

**Civ. No. 93–CV–164.**

United States District Court, N.D. New York.

Nov. 25, 1994.

Brandon Moses, pro se.

Joshua Nesbitt, Asst. U.S. Atty., Thomas J. Maroney, U.S. Atty., N.D.N.Y., U.S. Dist. Ct., James T. Foley, U.S. Court House, Albany, NY, for Tippy.

## MEMORANDUM AND ORDER

KAPLAN, District Judge.[1]

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner Brandon Moses was convicted in the United States District Court for the Southern District of Florida on August 27, 1990 of conspiracy to import cocaine. He was sentenced to 132 months in prison and now is incarcerated in the Federal Correctional Institution at Ray Brook, New York. He claims that the sentencing judge misapplied the Sentencing Guidelines in determining his sentence.

■ The Government moves to dismiss or, alternatively, for summary judgment dismissing the petition on the ground that this Court lacks subject matter jurisdiction. It is the

Government's position that the appropriate vehicle for raising the contention pressed by petitioner is a motion to the sentencing court pursuant to 28 U.S.C. § 2255. The Government further argues that petitioner raised precisely the ground here presented in such a motion, that the motion was denied by the sentencing judge on the recommendation of a Magistrate Judge, and that the issue tendered here is on appeal to the Eleventh Circuit.[2] In consequence, the Government argues, the petition should be denied in the exercise of discretion even if this Court has subject matter jurisdiction.

■ Section 2255 of the Judicial Code provides in pertinent part that:

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

There is no suggestion in the petition or other papers filed by petitioner that the remedy, by motion pursuant to Section 2255 is inadequate or ineffective to test the legality of his detention. Indeed, he has availed himself of that route. The denial of his application by the sentencing court does not render that remedy ineffective within the meaning of this statute. In consequence, Section 2255 precludes this Court from entertaining the petition. *E.g., Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir.), *cert. denied,* 488 U.S. 982, 109 S.Ct. 533, 102 L.Ed.2d 565 (1988); DONALD E. WILKES, JR., FEDERAL AND STATE POSTCONVICTION REMEDIES AND RELIEF §§ 4–11, 5–4 (1992 ed.); *see United States v. Dukes,* 727 F.2d 34, 41 n. 4 (2d Cir.1984).

One further point warrants brief comment. Magistrate Judge Hurd on March 24, 1993 ordered respondent to serve an answer or other pleading in response to the petition within sixty days. It appears from the file that the order was received by the respondent on April 2, 1993 and by the United

1. Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

2. Subsequent to the filing of the Government's papers, the Eleventh Circuit affirmed the denial of petitioner's motion by the sentencing court. *Moses v. United States,* 30 F.3d 1498 (table) (11th Cir.1994).

States Attorney on April 1, 1993. On October 26, 1993, when no response had been forthcoming, petitioner wrote to the Judge Hurd and requested entry of a default judgment. A default was noted and entered on November 1, 1993, following which petitioner moved for a default judgment. No response to the petition was filed until January 10, 1994, when respondent filed its present motion. Respondent never sought an extension of time.

In all the circumstances, I will treat respondent's motion as including a request for an extension of time and grant the request *nunc pro tunc*. It does appear, however, that the United States Attorney's office ought to be able to file responsive pleadings within the time fixed by the Court, let alone within nine months. If for some reason that is impossible, an appropriate application for an extension ought to be made.

For the foregoing reasons, the Government's motion to dismiss the petition is granted. Petitioner's motion for a default judgment is denied.

SO ORDERED.