98 F.3d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carina LEVERIZA, Petitioner-Appellant,
v.
Loy HAYES, Warden, Respondent-Appellee.
 No. 95-16752.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1996.*
Decided Oct. 3, 1996.
 
 1
 Before: CANBY and FERNANDEZ, Circuit Judges and JONES, District Judge**.
 
 
 2
 MEMORANDUM***
 
 
 3
 Carina Leveriza, a federal prisoner, appeals pro se the district court's order dismissing her 28 U.S.C. § 2241 petition for a writ of habeas corpus challenging her conviction in the Middle District of Florida for conspiracy to manufacture and distribute MDMA. See 21 U.S.C. § 846. The district court held that Leveriza should have initially filed a 28 U.S.C. § 2255 motion in the Middle District of Florida. We affirm.
 
 
 4
 A § 2255 motion provides for a challenge to a conviction or sentence on the ground that the judgment of the district court violated the United States Constitution or the laws of the United States. See 28 U.S.C. § 2255; Rules Governing Section 2255 Proceedings Rule 1(a). We have previously held that a federal prisoner who seeks to challenge a federal conviction must do so by filing a 28 U.S.C. § 2255 motion in the district court in which he was convicted. Tripati v. Henman, 843 F.2d 1160, 1163 (9th Cir.), cert. denied, 488 U.S. 982, 109 S.Ct. 533, 102 L.Ed.2d 565 (1988). An exception to this requirement exists where a prisoner demonstrates that § 2255 relief is unavailable or ineffective. See 28 U.S.C. § 2255. However, we have construed this exception very narrowly. See Tripati, 843 F.2d at 1163 (neither denial of relief on the merits nor possible bias by the district court judge demonstrates that § 2255 relief is inadequate); Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963) (even denial of § 2255 motion does not demonstrate that relief is unavailable or ineffective).
 
 
 5
 Leveriza's attacks on her conviction are well within the scope of § 2255. She claims that her conviction violated the Double Jeopardy Clause and that the statute under which she was convicted was unconstitutionally vague. In other words, she claims that the district court's judgment violated the United States Constitution; precisely the type of claim which § 2255 is meant to address. See Rules Governing Section 2255 Proceedings Rule 1(a).
 
 
 6
 Leveriza is incarcerated in a federal correctional facility within the Northern District of California. Nevertheless because she is attacking the validity of her conviction obtained in the Middle District of Florida, the proper vehicle for her attack is a § 2255 motion filed in that district. See Tripati, 843 F.2d at 1163. Leveriza fails to demonstrate that § 2255 relief was unavailable or ineffective in the Middle District of Florida. Therefore, under the language of § 2255 and our holding in Tripati, Leveriza must seek relief in a § 2255 motion filed in the Middle District of Florida.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3