134 F.3d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rob NITE, Petitioner-Appellant,
v.
Mike ADAMS, Warden, FCI Safford; Federal Correctional
Institution Safford, Arizona; United States
Bureau of Prisons, Respondents-Appellees.
 No. 97-16398.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Decided Jan. 15, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rob Nite, a federal prisoner, appeals pro se the district court's dismissal of his habeas corpus petition brought under 28 U.S.C. § 2241. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's dismissal of Nite's petition, see Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988), and we affirm
 
 
 3
 Nite filed a habeas corpus petition with the district court claiming that he received ineffective assistance of counsel at sentencing, that he was subjected to double jeopardy, that his plea agreement was breached, and that the statute under which he was prosecuted, 18 U.S.C. § 1341, is unconstitutional. Nite contends that the district court improperly dismissed his petition for lack of jurisdiction. We disagree.
 
 
 4
 A district court lacks jurisdiction to entertain a section 2241 petition that challenges the legality of a conviction or sentence where the petitioner is authorized to raise the challenge in a 28 U.S.C. § 2255 motion with his sentencing court, "unless it also appears that the remedy by motion is inadequate or ineffective." Id. at 1162.
 
 
 5
 Here, Nite's claims challenge the legality of his conviction and sentence, and he is authorized to seek relief under section 2255. It does not appear that Nite's remedy under section 2255 is inadequate or ineffective. See id. Accordingly, the district court properly dismissed Nite's petition for lack of jurisdiction. See id. at 1163.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3