Parviz LAVI, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 99 Civ. 12027 SHS.

United States District Court,
S.D. New York.

Jan. 13, 2000.

Marvin B. Segal, New York City, for
Parviz Lavi.

*OPINION*

STEIN, District Judge.

In 1998 Parviz Lavi pled guilty to conspiracy and was sentenced to five years in prison by the U.S. District Court for the Eastern District of Virginia. He now petitions this Court pursuant to 28 U.S.C. § 2241 for a writ of habeas corpus setting that sentence aside on the ground that the assistance provided by his counsel at sentencing was constitutionally ineffective. He seeks that relief from this Court, rather than from the court that sentenced him, because he contends that the U.S. District Judge who sentenced him was biased. For the reasons set forth below, Lavi's petition should be dismissed.

*BACKGROUND*

On July 13, 1998, Parviz Lavi pled guilty in the U.S. District Court for the Eastern District of Virginia to one count of conspiracy to violate the Arms Export and Control Act in violation of 18 U.S.C. § 371. Five months later, he was sentenced by the same court (Judge Rebecca Beach Smith) to five years of imprisonment, three years of supervised release, a fine of $125,-000, and a mandatory special assessment of $100. Lavi is currently serving his term of imprisonment at the Federal Correctional Institution in Otisville, New York, which lies within the Southern District of New York.

Exactly one year after his sentencing, Lavi filed the instant petition with this Court pursuant to 28 U.S.C. § 2241. The petition requests that this Court set aside Lavi's sentence on the ground that his sentencing counsel was constitutionally ineffective for failing to request a downward departure based on allegedly vindictive and retaliatory behavior by the government.

*DISCUSSION*

An application for a writ of habeas corpus by a prisoner sentenced in federal court who claims—as Lavi does—that his sentence was imposed in violation of his constitutional rights cannot be heard if the petitioner has failed previously to attack that sentence by way of a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. He does not have to make that Section 2255 motion, however, if it would be "inadequate or ineffective." That provision reads in its relevant parts as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was

imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

. . . .

An application for a writ of habeas corpus [*i.e.,* an application pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless* it also appears that the remedy by motion is *inadequate or ineffective* to test the legality of his detention. (emphasis added)

Because Lavi was sentenced by the Eastern District of Virginia and not this Court, the preliminary question for resolution, before reaching the merits, is whether it appears that a motion made to the sentencing court pursuant to Section 2255 "is inadequate or ineffective to test the legality of [Lavi's] detention."

The U.S. Court of Appeals for the Second Circuit, while noting that "courts have yet to articulate [the] scope and meaning" of this exception, has rejected the view that relief is "inadequate or ineffective" simply because "a federal prisoner faces a substantive or procedural barrier to § 2255 relief." *Triestman v. United States,* 124 F.3d 361, 376–77 (2d Cir.1997). Rather, a prisoner must show both (1) that " § 2255 is not available and [2] [that] the failure to allow for some form of collateral review would raise serious constitutional questions." *Id.* at 377. In *Triestman,* for example, the Second Circuit found that relief pursuant to Section 2255 was "inadequate or ineffective" because (a) the fact that the prisoner's petition was "successive" and was not based on a "new rule of constitutional law" precluded relief pursuant to Section 2255, *id.* at 371–72, and (b) the failure to allow for some forum for his claim of innocence, based on circumstances

that could not have been presented earlier, raised "serious Eighth Amendment and due process questions," *id.* at 378–79.

Lavi argues that the alleged bias of the sentencing court renders relief pursuant to Section 2255 unavailable and therefore "ineffective or inadequate." This Court finds Lavi's argument unpersuasive for three reasons.

First, neither the affidavit submitted by Lavi nor that submitted by his counsel sets forth specific allegations of bias on the part of the sentencing judge or any fact that would support any such allegation. Rather, petitioner's conclusion that the judge was biased rests solely on the fact that he did not like the judge's rulings. *See* Aff. of Marvin B. Segal ¶¶ 4–5 ("[T]he sentencing court's determination at Petitioner's sentencing [that Lavi was not entitled to a downward departure] calls that court's objectivity into serious doubt."). However, it cannot be gainsaid that a substantial number of incarcerated individuals hold the subjective belief that an objective judge would have meted out a lesser sentence than they in fact received. Thus, to accept Lavi's position would facilitate frequent circumvention of the requirement to move pursuant to Section 2255 in the sentencing court in order to challenge the legality of the imposition of a sentence. But the very wording of Section 2255 makes it clear that an application for a writ of habeas corpus pursuant to Section 2241 is to be permitted only as an exception to the general requirement that federal sentences be attacked in the first instance in the court which imposed the sentence under attack. Moreover, *Triestman* specifically contemplates that motions qualifying for the habeas exception "will be relatively few" and will represent "extraordinary instances." 124 F.3d at 378; *see also Charles v. Chandler,* 180 F.3d 753, 757 (6th Cir.1999) (per curiam) ("No circuit court has to date permitted a ... petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of cir-

cumventing § 2255's restrictions on the filing of second or successive habeas petitions.").

Second, every circuit court of appeals that has considered the question has ruled that a prisoner who complains solely of judicial bias does not thereby demonstrate that relief pursuant to Section 2255 would be "inadequate or ineffective." *See Charles*, 180 F.3d at 757–58 (6th Cir.); *Bradshaw v. Story*, 86 F.3d 164, 167 (10th Cir.1996); *Tripati v. Henman*, 843 F.2d 1160, 1163 (9th Cir.1988). In so ruling, these courts have relied on the fact that the prisoner "has a remedy available by way of a motion for recusal or disqualification of biased judges that would make a section 2255 motion in the [sentencing court] an effective remedy even if his allegations of bias are true and sufficient." *Tripati*, 843 F.2d at 1163 (citing 28 U.S.C. §§ 144, 455); *see Bradshaw*, 86 F.3d at 166 (Section "2255 still would be adequate because [the prisoner] could move to recuse the sentencing judge."); *Charles*, 180 F.3d at 758 (citing *Tripati*, 843 F.2d at 1163, with approval).

A third indicium that alleged judicial bias does not render Section 2255 "inadequate or ineffective" is to be found in the Advisory Committee Notes to the Rules Governing Section 2255 Proceedings. Those Notes set forth the proper procedure for raising a complaint of bias in the context of a Section 2255 motion; *i.e.*, the prisoner "can file an affidavit of bias in order to disqualify the trial judge" so as to permit another judge to decide the motion. Advisory Committee Notes, Fed.R. Governing Sec. 2255 Proceedings 4 (1976). The Notes also point out that "there is the right to appellate review if the trial judge refuses to grant" the Section 2255 motion. *Id.* Although the right to appellate review has since been limited by the requirement that the applicant first obtain a certificate of appealability, *see* 28 U.S.C. § 2253(c)(1)(B), the issuance of that certificate is permitted "if the applicant has made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2). Lavi does not contend—and this Court has no reason to believe—that the appellate review provided by these provisions is insufficient to allow a proper determination of any alleged judicial bias. *See Charles*, 180 F.3d at 758 ("The requirement that [the prisoner] seek a certificate of appealability . . . in no way impairs the authority of the district court to grant the remedy under § 2255."); *Triestman*, 124 F.3d at 376 ("inadequate or ineffective" exception must be read to respect limitations imposed by AEDPA).

Because Lavi may submit a motion for recusal or disqualification or may file an affidavit of bias with the sentencing court, he has failed to establish that relief pursuant to Section 2255 is "not available" in that court. *Triestman*, 124 F.3d at 377. Therefore, this Court need not decide whether, were Section 2255 unavailable, the resulting lack of a forum for Lavi's ineffective assistance claim "would raise serious constitutional questions." *Id.* at 377.

Accordingly, Lavi has failed to demonstrate that a motion pursuant to Section 2255 would be "inadequate or ineffective" were he to seek such relief in the sentencing court.

### CONCLUSION

Because Lavi has failed to demonstrate that a motion to the sentencing court pursuant to 28 U.S.C. § 2255 would be "inadequate or ineffective to test the legality of his detention," Lavi's application for a writ of habeas corpus should be denied and the petition dismissed.