John Lee IVY, Petitioner–Appellant,

v.

U.S. DISTRICT COURT, Respondent–Appellee.

No. 00–16381.

D.C. No. CV–00–00448–RGS.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001.[*]

Decided Sept. 20, 2001.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2). Accordingly, Ivy's motion for extension of time to file statement setting forth reasons for oral argument is denied.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

### MEMORANDUM **

■ Federal prisoner John Lee Ivy appeals pro se from the district court's dismissal of his 28 U.S.C. § 2241 petition for lack of jurisdiction. We have jurisdiction under 28 U.S.C. § 1291. After filing two unsuccessful 28 U.S.C. § 2255 motions in the sentencing court, Moore has filed a section 2241 petition in this court contending the indictment was defective; his due process rights were violated; prosecutorial misconduct; ineffective assistance of counsel; and Rule 11 violations. We review a district court's denial of a habeas petition de novo, *see Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir.1988), and we affirm.

** This disposition is not appropriate for publication and may not be cited to or by the

■ Generally, the appropriate remedy for challenging a conviction is a section 2255 motion, and a prisoner may not bring a section 2241 motion if he has previously been denied relief unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention. *Id.*

■ Ivy's contentions, however, challenge the legality of his conviction and sentence, and because he has failed to demonstrate that a 28 U.S.C. § 2255 petition is an inadequate or ineffective remedy he cannot circumvent the bar against successive § 2255 motions by styling as a § 2241 petition a § 2255 motion challenging the legality of his conviction. *Moore v. Reno,* 185 F.3d 1054, 1055 (9th Cir.1999) (concluding that petitioner may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to 28 U.S.C. § 2241); *Tripati,* 843 F.2d at 1162 (stating that section 2255 is not inadequate or ineffective merely because the sentencing court denied relief on the merits).

AFFIRMED.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.