Everett L. GHOLSTON, Petitioner—
Appellant,

v.

Mike ADAMS, Warden, Respondent—
Appellee.

No. 01–56159.

D.C. No. CV–01–00015–RZ.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 27, 2001 *.

Decided Feb. 5, 2002.

Before CHOY, SKOPIL and FARRIS, Circuit Judges.

MEMORANDUM **

Everett Gholston, a federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 petition challenging the legality of his sentence under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We

have jurisdiction pursuant to 28 U.S.C. § 2253. We review the district court's dismissal of a § 2241 petition de novo, *Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir.1988), and we affirm.

In general, 28 U.S.C. § 2255 provides the exclusive mechanism by which a federal prisoner may contest the legality of a sentence. *Hernandez v. Campbell,* 204 F.3d 861, 864 (9th Cir.2000). However, "a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Id.* at 864–65 (citing 28 U.S.C. § 2255). The burden is on the petitioner to show that the remedy is inadequate or ineffective. *Redfield v. United States,* 315 F.2d 76, 83 (9th Cir.1963).

Gholston appears to argue that a § 2255 motion would be prohibited as successive, therefore, it is inadequate or ineffective. However, this court has made clear that " § 2241 is not available under the inadequate-or-ineffective-remedy escape hatch of § 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of § 2555." *Lorentsen v. Hood,* 223 F.3d 950, 953 (9th Cir.2000) (citation omitted). Gholston also argues that a § 2255 motion is inadequate or ineffective because he is "barred from receiving relief . . . due to the decisions issued by" the court of appeals of the sentencing district. However, a "remedy is not inadequate or ineffective under section 2255 merely because the sentencing court denied relief on the merits." *Tripati,* 843 F.2d at 1162 (citations omitted). Likewise, a § 2255 motion is not inadequate or ineffective merely because

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

the petitioner feels the sentencing court is likely to deny relief on the merits.

Gholston has not carried his burden of showing that a § 2255 motion would be inadequate or ineffective, therefore, the district court did not err by dismissing his petition for habeas corpus without prejudice.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.