**Maurice Kristian LEE, Petitioner—Appellant,**

v.

**Raymond ANDREWS, Warden, Respondent—Appellee.**

**No. 01–15872.**
**D.C. No. CV–00–06015–OWW.**
**D.C. No. CR–94–44–DWH.**

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2002.*

Decided June 17, 2002.

Before RYMER, T.G. NELSON, and THOMAS, Circuit Judges.

MEMORANDUM**

Maurice Kristian Lee, a federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 petition. Lee challenges the legality of his conviction and sentence imposed after pleading guilty to conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C §§ 846 and 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review the district court's dismissal of a

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We reject the government's contention that Lee's notice of appeal was untimely. We construe Lee's December 5, 2000, pleading as a timely filed tolling motion. *See* Fed. R.App. P. 4(a)(4)(A); *United States v. Seesing*, 234 F.3d 456, 462–63 (9th Cir.2000) (requiring liberal construction of prisoners' pro se pleadings). Lee's notice of appeal, filed within 22 days of the ruling on this motion, was timely. *See* Fed. R.App. P. 4(a)(1)(B).

§ 2241 petition de novo, *Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir.1988), and we affirm.

Lee contends that he was a minor at the time he was involved with the drug conspiracy, and that this deprived the federal court of jurisdiction over him. This is a challenge to the legality of his conviction and sentence, and Lee has failed to demonstrate that 28 U.S.C. § 2255 is an inadequate or ineffective remedy. *See Moore v. Reno,* 185 F.3d 1054, 1055 (9th Cir.1999) (per curiam) (concluding that petitioner may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to 28 U.S.C. § 2241). Because Lee has not carried his burden of showing that a section 2255 motion would be inadequate or ineffective, the district court properly dismissed his petition for habeas corpus. *See Tripati,* 843 F.2d at 1162 (stating that section 2255 is not inadequate or ineffective merely because the sentencing court denies relief).

AFFIRMED.