Hernan O'Ryan **CASTRO**, Petitioner–Appellant,

v.

Raymond **ANDREWS**, Warden, Respondent–Appellee.

No. 01–16871.

D.C. No. CV–01–05089–OWW.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.[*]

Decided Oct. 10, 2002.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM[**]

Hernan O'Ryan Castro appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 habeas petition for lack of jurisdiction following his jury-trial convictions under 21 U.S.C. §§ 841, 846, 960, and 963. We review de novo, *see Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988), and affirm.

Castro, incarcerated in the Eastern District of California, but convicted and sentenced in the Southern District of Georgia, contends that this court may entertain his section 2241 petition pursuant to the savings clause in 28 U.S.C. § 2255 which applies when the remedy by motion to the

---

2. All outstanding motions are denied.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

sentencing court is "inadequate" or "ineffective." *See Hernandez v. Campbell,* 204 F.3d 861, 864–65 (9th Cir.2000) (per curiam). Specifically, Castro contends that he has no other remedy because his motion to amend a section 2255 petition in the Southern District of Georgia and two requests for leave to file a second section 2255 motion were denied. This contention lacks merit because a remedy is not inadequate or ineffective on the ground that the sentencing court denied relief. *See Tripati* at 1162.

Castro next contends that the section 2255 savings clause applies because he is actually innocent. We need not reach that argument because Castro has not shown actual innocence of the crimes of conviction. *See Lorentsen v. Hood,* 223 F.3d 950, 954 (9th Cir.2000) (declining to decide whether a prisoner may resort to section 2241 if he is "actually innocent" but never had "an unobstructed procedural shot" at presenting his innocence claim). Accordingly, the district court properly dismissed Castro's petition for lack of jurisdiction.[1]

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.