Kent Hamilton **CARTER,**
Petitioner–Appellant,

v.

John **LAMBERT, Respondent–Appellee.**

No. 02–35127.
D.C. No. CV–01–05074–JLQ.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 5, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Washington state prisoner Kent Hamilton Carter appeals pro se the dismissal of his 28 U.S.C. § 2241 petition, challenging his transfer to a privately run out-of-state

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

prison, and the state's authority to conduct such a transfer. The district court dismissed the petition with prejudice, finding that Carter failed to raise a constitutional claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal of a § 2241 petition, *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.1988), and we affirm.

To the extent that Carter claims that his liberty interests were violated by this transfer, we reject this contention. *See Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983) (holding that prisoner has no constitutional right to be housed in a particular prison or state); *see also Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) (concluding a prisoner has no liberty interest in which prison he is housed).

To the extent that petitioner claims that Washington state lacked the authority to transfer its prisoners, we conclude that Carter has failed to raise a claim cognizable on federal habeas corpus, *see Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir.1997) (recognizing petitioners cannot change a state law issue into a federal one by calling it a due process violation), and we defer to Washington state's interpretation of its own laws in *In Re Matteson*, 142 Wash.2d 298, 12 P.3d 585 (Wash.2000) (en banc) (concluding prison officials have the discretion and authority to transfer prisoners to out-of-state facilities).[1]

**AFFIRMED.**

---

1. All outstanding motions are denied.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.