Joseph **HARDEN**, Petitioner–Appellant,

v.

**UNITED STATES of America; Al Herrera, Warden, Respondents–Appellees.**

No. 01–56810.

D.C. No. CV–01–06014–RNB.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 17, 2003.

---

* This panel unanimously finds this case suit-

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

MEMORANDUM**

Joseph Harden, a federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). Reviewing de novo, *Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir. 1988), we affirm.

The district court correctly determined that Harden failed to demonstrate that 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of his detention. *See Lorentsen v. Hood,* 223 F.3d 950, 953 (9th Cir.2000) ("[T]he general rule in this circuit is that the ban on unauthorized second or successive petitions does not per se make § 2255 'inadequate or ineffective.' "); *Moore v. Reno,* 185 F.3d 1054, 1055 (9th Cir.1999) (per curiam) (concluding that a prisoner could not file a second or successive § 2255 motion because his claim was based neither on a new rule of constitutional law made retroactive by the Supreme Court nor on new evidence); *United States v. Sanchez-Cervantes,* 282 F.3d 664, 671 (9th Cir.) (concluding that *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) does not apply retroactively on collateral review), *cert. denied,* — U.S. —, 123 S.Ct. 48, 154 L.Ed.2d 243 (2002). The district court therefore properly dismissed Harden's petition for lack of jurisdiction. *See Tripati,* 843 F.2d at 1163 (stating that

a court other than the sentencing court lacks jurisdiction over a § 2255 motion).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

