Steve C. **COLLINS,** Petitioner–Appellant,

v.

Stephen F. **PONTESSO,** Warden, Respondent–Appellee.

No. 00–15373.

D.C. No. CV–99–01621–PGR.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 17, 2003.

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Federal prisoner Steve C. Collins appeals pro se the district court's dismissal of his habeas corpus petition, filed pursuant to 28 U.S.C. § 2241. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). We affirm.

In his petition, filed in the Arizona district court, Collins challenged his 136–month sentence he received in the underlying criminal case in the Western District of Washington. As the district court recognized, such challenges normally must be raised by way of a motion to correct a sentence pursuant to 28 U.S.C. § 2255. *See Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir.2000). The district court properly dismissed Collins' § 2241 petition because he has not demonstrated that a motion under § 2255 is inadequate or ineffective to test the legality of his detention. *See Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir.1999) (per curiam) (rejecting contention that section 2255 is inadequate or ineffective merely because prisoner's § 2255 motion might be procedurally barred); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.1988) (stating that § 2255 "is not inadequate or ineffective ... merely because the sentencing court denied relief on the merits").[1]

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. We point out that the Arizona district court could not construe the instant petition as a § 2255 motion because it lacked jurisdiction over such a motion. *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.1988) (stating that a § 2255 motion must be filed in the sentencing court). Moreover, a new § 2255 would be Collins' second such motion and he

would therefore be required to seek this court's approval before the district court could accept it. *See* 28 U.S.C. §§ 2255, 2244(b)(3)(A).

