**Glenn WATKINS, Petitioner–Appellant,**

v.

**Raymond ANDREWS, Warden, Respondent–Appellee.**

No. 02–15953.

D.C. No. CV–02–05257–OWW.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2002.*

Decided March 18, 2003.

Before CANBY, O'SCANNLAIN and T.G. NELSON, Circuit Judges.

### MEMORANDUM**

Glenn Watkins appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 petition for failure to state claims which warrant habeas corpus relief.[1] We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir. 1988), and we affirm.

Watkins contends that the district court erred by dismissing his habeas petition because he only challenges the conditions of his confinement. We affirm the dismissal.[2] *See Badea v. Cox,* 931 F.2d 573,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The district court's use of the magistrate judge to make findings that assisted in rendering a final decision did not violate Article III of the United States Constitution, *see United States v. Raddatz,* 447 U.S. 667, 682–83, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980), and the court followed the appropriate procedures. *See* 28 U.S.C. § 636(b)(1).

2. We deny Watkins's motion in opposition to the substitution of Appellee's counsel.

574 (9th Cir.1991) (stating that habeas corpus petition is proper method to challenge legality or duration of confinement, but civil rights action is proper method of challenging conditions of confinement).

**AFFIRMED.**