**Mary Lee JOHNSON, Petitioner– Appellant,**

**v.**

**Michael BENOV, Respondent–Appellee.**

No. 02–15129.

D.C. No. CV–01–02965–WHA.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 15, 2003.

Mary Lee Johnson, pro se, Adelanto, CA, Petitioner–Appellant.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

## MEMORANDUM **

Mary Lee Johnson, a federal prisoner, appeals pro se the dismissal of her 28 U.S.C. § 2241 petition without prejudice to refiling as an exhausted civil rights complaint. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir.1988), and we affirm.

Johnson contends that the conditions of her confinement violate her constitutional

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

rights because she is denied medical care, the prison refuses to transfer her, and she is being mistreated by the prison staff out of retaliation for filing a previous civil suit.[1]

The district court properly construed these issues as unexhausted civil rights claims, rather than challenges to the legality or duration of confinement. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (stating that habeas corpus petition is proper method to challenge legality or duration of confinement, but civil rights action is proper method of challenging conditions of confinement). Johnson's frustration with administrative remedies does not excuse the exhaustion requirement of 42 U.S.C. § 1997e(a). *See Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991) (holding that generally, a federal prisoner must first exhaust available administrative remedies before bringing a civil rights action).

AFFIRMED.

---

1. The district court certified for appeal the issue of whether a challenge to conditions of confinement can be brought by way of a federal habeas petition. Johnson has abandoned this issue by not addressing it in her brief to this court. *See Petrocelli v. Angelone*, 248 F.3d 877, 880 n. 1 (9th Cir.2001). To the extent that Johnson seeks to challenge her conviction, she did not include those claims in her § 2241 petition and they are not prop-

erly before us. *See Belgarde v. Montana*, 123 F.3d 1210, 1216 (9th Cir.1997).

