John Joseph VACCARO, Petitioner—
Appellant,

v.

Raymond ANDREWS, Warden,
Respondent—Appellee.

No. 03–16330.

D.C. No. CV–01–05889–OWW.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Oct. 6, 2004.

Cal J. Potter, Iii, Esq., Potter Law Offices, Las Vegas, NV, for Petitioner–Appellant.

David L. Gappa, Esq., Office of the U.S. Attorney, Fresno, CA, for Respondent–Appellee.

Before PREGERSON, HAWKINS, and GRABER, Circuit Judges.

## MEMORANDUM **

John Joseph Vaccaro appeals the district court's denial of his 28 U.S.C. § 2241 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *Tripa-*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ti v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988), and affirm.

Vaccaro was convicted and sentenced for RICO conspiracy and wire fraud violations in the Southern District of Mississippi, while on parole in the District of Nevada. Vaccaro is now in the custody of the Bureau of Prisons ("BOP") in Taft, California.

 Vaccaro is challenging a sentencing enhancement and fine imposed by the Southern District of Mississippi. However, a federal prisoner who wishes to challenge the validity or constitutionality of his sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255, and file the motion in the jurisdiction of the sentencing court. See Tripati, 843 F.2d at 1162. Vaccaro's challenges are to his sentence, and he should raise his claims in a § 2255 motion. Accordingly, the district court properly dismissed those challenges. See id. at 1163.

 Vaccaro also contends that his due process rights were violated when the BOP determined that his current sentence would run consecutive to his parole violation sentence, as the sentences arose from the "same relevant conduct." We reject this contention. Vaccaro's case presents the exact situation contemplated by Application Note 6 of U.S.S.G. § 5G1.3 (2002), which states that when a defendant is on parole at the time of the instant offense, and his parole is revoked, the sentence for the instant offense is to run consecutively to the term imposed for the violation of parole, in order to provide an incremental penalty for the violation of parole.

 Finally, Vaccaro contends his due process rights were violated when his sentence was calculated from the date of sentencing in the Southern District of Mississippi, instead of from the date of incarceration. We reject that contention, because the time spent incarcerated prior to sentencing was already credited towards his sentence for violating parole. See Allen v. Crabtree, 153 F.3d 1030, 1033 (9th Cir.1998) (recognizing that 18 U.S.C. § 3585(b) prohibits double crediting).

AFFIRMED.