

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-6-2008

# Day v. Samuels

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3063

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Day v. Samuels" (2008). *2008 Decisions*. Paper 1638.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1638

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3063
_____

TIMOTHY A. DAY,
                                    Appellant
vs.

WARDEN CHARLES E. SAMUELS, JR.; FEDERAL BUREAU OF PRISONS
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-cv-02644)
District Judge:  Honorable Renee Marie Bumb
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 21, 2007
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Filed: February 6, 2008)
_____

OPINION
_____

PER CURIAM.

        Timothy A. Day, a federal prisoner proceeding pro se, appeals an order of

the United States District Court for the District of New Jersey summarily dismissing his

petition under 28 U.S.C. § 2241 for lack of jurisdiction.  Because the appeal does not

1

present a substantial question, we will summarily affirm the judgment of the District Court. See Third Circuit LAR 27.4 and I.O.P. 10.6.

Day was sentenced to 121 months in prison following a 2004 conviction in the United States District Court for the Middle District of Florida ("Middle District") of conspiracy to commit mail fraud and 43 counts of mail fraud. The conviction was affirmed by the United States Court of Appeals for the Eleventh Circuit on April 15, 2005, United States v. Day, 405 F.3d 1293 (11th Cir. 2005), and the United States Supreme Court denied Day's petition for certiorari on October 11, 2005. The Middle District denied Day's motion to vacate his sentence under 28 U.S.C. § 2255, Day v. United States, 2007 WL 80824 (M.D. Fla. Jan. 8, 2007), and the Eleventh Circuit denied his application for a certificate of appealability, C.A. No. 07-10353-H (11th Cir. May 23, 2007). Day filed his § 2241 petition on June 6, 2007, while confined at the Federal Correctional Institution at Fort Dix, New Jersey.

Day raises two claims in the § 2241 petition: (1) that his sentence violated United States v. Booker, 543 U.S. 220 (2005) and Blakely v. Washington, 542 U.S. 296 (2004), and (2) that there is no evidence supporting the verdict, and the conviction was obtained as a result of judicial and prosecutorial corruption. The District Court ruled that it lacked jurisdiction over the § 2241 petition because Day had not shown that § 2255 was an inadequate or ineffective remedy for his claims. Day now appeals that decision. We have jurisdiction over the appeal under 28 U.S.C. §§ 1291 and 2253(a) and exercise

2

plenary review over the District Court's dismissal for lack of jurisdiction. See Okereke v.

United States, 307 F.3d 117, 119 (3d Cir. 2002).

A collateral challenge to a federal sentence must be raised in a motion under § 2255 unless such a motion would be inadequate or ineffective to test the legality of the detention. See 28 U.S.C. § 2255 ¶ 5; Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). A motion under § 2255 is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Id. at 538. "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. The "safety valve" provided under § 2255 is extremely narrow and provides a remedy only in unusual circumstances, such as where an intervening change in law decriminalized the conduct for which the petitioner was convicted. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997)).

We agree with the District Court that Day has not shown that § 2255 is inadequate or ineffective to challenge the legality of his sentence under Booker and Blakely. Although Booker and Blakely were decided while Day's direct appeal was pending, his attorney on direct appeal did not timely raise the issues presented by those

3

decisions. In his pro se § 2255 motion, Day claimed that his attorney on direct appeal was ineffective for not preserving the sentencing issues and requested that the Middle District address the legality of his sentence under Booker and Blakely in the first instance. Thus, the record indicates that Day raised the Booker/Blakely issues in his unsuccessful § 2255 motion, and he may not presently invoke § 2241 as a means of circumventing the statutory restrictions governing the filing of second or successive § 2255 motions. See Dorsainvil, 119 F.3d at 251. Even if Day had not had an opportunity to raise the Booker/Blakely issues in his § 2255 motion, he would be precluded from asserting them for the first time in a petition under § 2241. See Okereke, 307 F.3d at 120-21 (concluding that § 2255 was not inadequate or ineffective where petitioner sought to raise a sentencing claim based on intervening decision in Apprendi v. New Jersey, 530 U.S. 466 (2001)).

Day also has not shown that § 2255 is inadequate or ineffective to challenge the sufficiency of the evidence supporting his conviction. The record indicates that Day raised the sufficiency claim in his § 2255 motion, but the Middle District denied relief because the claim was procedurally defaulted. We agree with the District Court that he may not reassert the claim under § 2241.

Nonetheless, Day argues that he should be permitted to assert these claims under § 2241 because his previous attempts to obtain relief under § 2255 were frustrated due to bias and corruption in the Eleventh Circuit. In support of this claim, he exclusively

4

refers to the unfavorable rulings he received on direct appeal and collateral review. We agree with the District Court that Day's allegations of bias and corruption do not establish the inadequacy or ineffectiveness of the remedy provided under § 2255. See Tripati v. Henman, 843 F.2d 1160, 1163 (9th Cir. 1988) (stating that § 2255 is not inadequate or ineffective because of alleged judicial bias since a petitioner may raise the issue of bias on appeal or in a motion for recusal).

For the foregoing reasons, we conclude that the District Court correctly dismissed the habeas petition for lack of jurisdiction. Thus, we will summarily affirm the judgment of the District Court.