Lawrence John GENOA, Petitioner–
Appellant,

v.

John R. HEMINGWAY, Warden,
Respondent–Appellee.

No. 00–1490.

United States Court of Appeals,
Sixth Circuit.

May 22, 2001.

Before JONES, SILER, and GILMAN, Circuit Judges.

## ORDER

Lawrence J. Genoa, represented by counsel, appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In October 1989, a jury convicted Genoa in the United States District Court for the Eastern District of Michigan of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Genoa did not appear for sentencing. Following his arrest, Genoa pleaded guilty to failing to appear at sentencing in violation of 18 U.S.C. § 3146.

The court sentenced him to a total of 286 months of imprisonment for the drug offenses, and to a consecutive six months of imprisonment for failing to appear. In November 1995, a panel of this court dismissed Genoa's appeal from his drug and absconding convictions, and it affirmed his sentence. *United States v. Genoa,* No. 93–2292, 1995 WL 73291 (6th Cir. Feb. 22, 1995). Thereafter, in March 1997, Genoa filed a motion to vacate his sentence under 28 U.S.C. § 2255, in which he asserted the first two claims that he now asserts in his 28 U.S.C. § 2241 petition. In October 1997, the district court denied the § 2255 motion as without merit. Both the district court and this court denied Genoa a certificate of appealability.

In his current § 2241 habeas corpus petition filed in August 1999, Genoa argued that: 1) his sentence was imposed in violation of his Sixth Amendment right to counsel, because counsel had operated under a conflict of interest since he had been charged (or threatened with being charged) as a member of Genoa's conspiracy; 2) counsel rendered ineffective assistance during the plea, trial, sentencing, and appellate phases of Genoa's case; and 3) his sentence has been improperly executed because the sentencing commission has improperly declined to issue clarifying amendments to the sentencing guidelines relevant to his sentence. In September 1999, the district court construed the petition as a second or successive motion to vacate his sentence and transferred it to the Sixth Circuit for a determination of whether Genoa was entitled to file such a motion. In December 1999, this court transferred the petition to the district court to rule on the petition. *In re Genoa,* Case No. 99–2046 (6th Cir. Dec. 14, 1999). In April 2000, the district court dismissed the petition because Genoa was improperly seeking to challenge the imposition of his sentence under § 2241, and yet he had failed to show that his remedy under § 2255 was inadequate or ineffective. Specifically, with respect to Genoa's third claim, the district court concluded that Genoa was indeed challenging the imposition of his sentence, and not the execution of his sentence. Genoa has filed a timely appeal, essentially reasserting his grounds for relief.

We render de novo review of a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). Such review reflects that the district court properly dismissed Genoa's petition.

■ Initially, we note that despite his arguments to the contrary, Genoa's third claim constitutes a challenge to the imposition and not the execution of his sentence, because Genoa's argument essentially constitutes a challenge to the sentencing guidelines under which he was sentenced. It does not challenge the manner in which his sentence is being served. Claims that challenge the imposition of a sentence are properly raised in a § 2255 motion to vacate the sentence, and not in a § 2241 habeas corpus petition. *See id.* at 755–56; *accord Tolliver v. Dobre,* 211 F.3d 876, 877–78 (5th Cir.2000).

Still, under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles,* 180 F.3d at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *See id.* at 756.

Reviewing recent decisions that have invoked this savings clause, the Sixth Circuit in *Charles* concluded that the courts have done so essentially to permit prisoners to

submit claims of actual innocence that would otherwise have been barred under AEDPA. *See id.* at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles,* the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a second bite of the apple. *Id.* at 757; *see also Pack v. Yusuff,* 218 F.3d 448, 453 (5th Cir.2000) (court declines to articulate circumstances when burden would be met because prisoner had a prior opportunity to present claims and he had not presented a claim of actual innocence); *United States v. Barrett,* 178 F.3d 34, 52–53 (1st Cir.1999) (same), *cert. denied,* 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000).

■ Genoa has not met his burden to prove that his § 2255 remedy is inadequate or ineffective for two reasons. First, Genoa does not cite to an intervening change in the law which reflects that he may be actually innocent of his crimes. Unlike other prisoners who have obtained review of their claims because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate, *see In re Davenport,* 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States,* 124 F.3d 361, 363, 378–80 (2d Cir.1997); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997), Genoa has had multiple opportunities to challenge his conviction and sentence on his first and second grounds on appeal and in his prior § 2255 motion to vacate. As stated above, Genoa raised his first and second claims in his prior § 2255 motion to vacate his sentence, and the district court rejected the claims on the merits. The district court's opinion clearly reflects that the government stated during Genoa's trial, as opposed to the government's pretrial position, that the government did not contend that attorney-Halpern was part of the conspiracy. Moreover, the district court's denial of § 2255 relief on the merits without conducting an evidentiary hearing, standing alone, is insufficient to establish that his § 2255 remedy is inadequate or ineffective. *See Tripati v. Henman,* 843 F.2d 1160, 1163 (9th Cir.1988). Hence, Genoa has not established that the district court's conduct rendered his § 2255 remedy inadequate or ineffective with respect to his first and second claims. With respect to Genoa's third claim, the district court also properly dismissed this claim because Genoa simply did not assert a claim of actual innocence. *See Charles,* 180 F.3d at 757 (invalid guilty plea and ineffective assistance of counsel claims are not claims of actual innocence).

■ Second, Genoa's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles,* the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because the petitioner may be denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles,* 180 F.3d at 756–58; *accord United States v. Lurie,* 207 F.3d 1075, 1077–78 (8th Cir.2000). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Charles,* 180 F.3d at 758.

Accordingly, we affirm the district court's judgment.