53 F.3d 341
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald MOORE, Defendant-Appellant.
 No. 94-10447.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 27, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Moore appeals his sentence after pleading guilty to three counts of bank robbery in violation of 18 U.S.C. Sec. 2113(a). On September 6, 1994, Moore was sentenced to 151 months' imprisonment. Moore contends the district court erred when it (a) refused to consider a challenge to his 1990 conviction; and (b) failed to depart downward based upon a significantly over-represented criminal history category. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 A. Challenge to 1990 Conviction
 
 3
 Because Moore committed his offenses in August 1993, he argues that the 1992 Guidelines apply,[1] and that he should have been allowed to challenge his prior conviction at sentencing as permitted under United States v. Vea-Gonzales, 999 F.2d 1326 (9th Cir.1993). We disagree.
 
 
 4
 Moore has not alleged that he was completely denied counsel at the time of his 1990 conviction. Consequently, he has no constitutional or statutory right to challenge his 1990 conviction at sentencing. See Custis v. United States, 114 S.Ct. 1732 (1994) (defendant sentenced under the Armed Career Criminal Act (ACCA) has no constitutional right at sentencing to challenge a prior conviction on the ground of ineffective assistance of counsel in the earlier proceeding); United States v. Price, No. 91-10377, slip op. 2881, 2885-86 (9th Cir. Mar. 15, 1995) (defendant sentenced pursuant to the career offender provisions of the Guidelines has no right under the Guidelines to challenge a prior conviction at sentencing); United States v. Fondren, 43 F.3d 1228, 1229 & n. 1 (9th Cir.1994) (November 1993 amendment to U.S.S.G. Sec. 4A1.2 applies retroactively and clarifies that a defendant sentenced pursuant to the ACCA has no right under the Guidelines to challenge a prior conviction at sentencing).
 
 
 5
 B. Significantly Over-Represented Criminal History
 
 
 6
 Moore contends the district court erred when it failed to depart downward based upon a significantly over-represented criminal history category. So long as a district court is aware of its authority to depart, we lack jurisdiction to review a district court's refusal to do so. United States v. Robinson, 958 F.2d 268, 272 (9th Cir.1992). When the record is ambiguous on this point, a remand for clarification is necessary. See United States v. Morales, 898 F.2d 99, 102 n. 2 (9th Cir.1990).
 
 
 7
 Because Moore had previously been convicted of bank robbery and a controlled substance offense, the district court concluded that it was required to sentence Moore as a career offender.[2] The district judge explained that, despite his own views to the contrary, the law considered controlled substance offenses as predicate offenses for career offender purposes. After declaring that "the sentence in this case is more severe than is necessary, or ... appropriate, given the circumstances of the defendant's offense here and given the circumstances of his prior offense," the judge nonetheless rejected Moore's arguments that his criminal history category was significantly over-represented.
 
 
 8
 The fact that the Guidelines place the defendant in the career offender category does not preclude the sentencing court from departing. United States v. Brown, 985 F.2d 478, 481 (9th Cir.1993) (citing United States v. Lawrence, 916 F.2d 553, 555 (9th Cir.1990)). A downward departure may be appropriate for a career offender when his criminal history "uniformly involved 'minor' offenses." United States v. Reyes, 8 F.3d 1379, 1387 (9th Cir.1993).[3] The key issue is not whether defendant's drug convictions involved small quantities, id. at 1385, but whether the defendant is a "comparatively minor offender" whose "conduct was not at all of the magnitude of seriousness of most career offenders," id. at 1383; cf. id. at 1387 (citing United States v. Whyte, 892 F.2d 1170, 1171-72 (3d Cir.1989) (repeat drug offender's criminal history category not significantly over-represented when defendant previously had drawn a loaded gun on a police officer), cert. denied, 494 U.S. 1070 (1990)).
 
 
 9
 In this case, we are unable to determine from the record whether the district court: (a) believed it had no authority to grant a downward departure because the law considered Moore's prior convictions as predicate offenses for career offender purposes; or (b) knew it had the authority to depart but declined to do so because it could not " 'conscientiously' " conclude that Moore was a "comparatively minor offender" whose "conduct was not at all of the magnitude of seriousness of most career offenders," see Reyes, 8 F.3d at 1383, 1387. Consequently, we remand for clarification. See Morales, 898 F.2d at 102 n. 2.[4]
 
 
 10
 VACATED and REMANDED for further proceedings consistent with this memorandum.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny appellant's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Under the 1992 Guidelines, "the issue of whether a defendant may collaterally attack at sentencing a prior conviction" was left "for court determination." U.S.S.G. Sec. 4A1.2, comment. (backg'd) (Nov. 1992). The district court expressly stated that even if the 1992 Guidelines applied, it would not permit Moore to collaterally challenge a prior conviction at the time of sentencing
 
 
 [2]
 A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. Sec. 4B1.1
 Moore has one prior conviction for possession of narcotics and two prior convictions for possession of controlled substances for purposes of sale. Moore also has a prior conviction for bank robbery.
 Moore does not dispute that bank robbery is a "crime of violence" for purposes of the career offender provisions of the Guidelines. See U.S.S.G. Sec. 4B1.2, comment. (n. 2); see also U.S.S.G. Sec. 4B1.2(1). The presentence report indicates that Moore carried a cap pistol and gave the teller a note indicating that he had a gun and dynamite. See United States v. Martinez-Jimenez, 864 F.2d 664, 666 (9th Cir.) (toy gun counts as dangerous weapon under 18 U.S.C. Sec. 2113(d)), cert. denied, 489 U.S. 1099 (1989).
 
 
 [3]
 See also U.S.S.G. Sec. 4A1.3, p.s. (district court may depart if the defendant's criminal history is "significantly less serious than that of most defendants in the same criminal history category")
 
 
 [4]
 "[W]e are not predicting how the district court will exercise its discretion with regard to [this issue]." Brown, 985 F.2d at 483. "Nor have we determined whether the record contains sufficient evidence to support departure on [the] particular ground asserted." Id