Ernest Bernard MOORE,
Petitioner–Appellant,

v.

Janet RENO, Attorney General
U.S. Department of Justice,
Respondent–Appellee.

No. 98–55588.

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 1999.[1]

Decided Aug. 5, 1999.

Ernest Bernard Moore, Los Angeles, California, pro se, for the petitioner-appellant.

Mark S. Hardiman, Assistant United States Attorney, Los Angeles, California, for the respondent-appellee.

Before: SNEED, KOZINSKI, and LEAVY, Circuit Judges.

PER CURIAM.

Federal prisoner Ernest Bernard Moore appeals pro se the district court's denial of his 28 U.S.C. § 2241 petition challenging his conviction for two counts of credit card fraud. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's denial of a habeas petition de novo, *see Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir.1988), and we affirm.

On February 18, 1998, Moore filed a petition for writ of habeas corpus in the district court pursuant to 28 U.S.C. § 2241. Prior to this petition, Moore filed five separate 28 U.S.C. § 2255 motions challenging the same conviction. Moore filed his fifth § 2255 motion on April 30, 1997, making it subject to the Anti–Terror-

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.R.App.P. 34(a).

ism and Effective Death Penalty Act of 1996 ("AEDPA"). Pub.L. No. 104–132, 110 Stat. 1214, 1217–26 (1996). In this motion, Moore argued that the district court violated Fed.R.Crim.P. 11 by failing to inform him of the maximum penalty of his crimes. The district court dismissed Moore's fifth § 2255 motion because he failed to obtain permission from the Ninth Circuit to file a successive motion pursuant to 28 U.S.C. § 2244(b). Subsequently, this court denied Moore's request to file the successive motion.

Moore then filed a § 2241 petition for habeas relief in the district court raising the same Rule 11 claim and, contending that he should be allowed to proceed under § 2241 because the successive motion provision of the AEDPA rendered 28 U.S.C. § 2255 inadequate or ineffective to test the legality of his detention. The district court dismissed this petition on the grounds that Moore had failed to show that § 2255 was an inadequate remedy. Moore now appeals.

 A federal habeas prisoner authorized to seek relief under 28 U.S.C. § 2255 may not petition for habeas relief pursuant to 28 U.S.C. § 2241 unless it appears that the § 2255 motion is inadequate or ineffective to test the legality of his detention. *See United States v. Pirro*, 104 F.3d 297, 299 (9th Cir.1997). Moore asks this court to conclude that federal habeas relief is an ineffective remedy because he was denied permission by this court to file a successive § 2255 motion. We decline to do so.

 We have held that a state habeas petitioner may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254. *See Greenawalt v. Stewart*, 105 F.3d 1287, 1287–88 (9th Cir.1997). We extend the same reasoning to motions filed under 28 U.S.C. § 2255 and hold that the dismissal of a subsequent § 2255 motion pursuant to 28 U.S.C. § 2244(b) does not render federal habeas relief an ineffective or inade-

quate remedy. *See id.; Tripati*, 843 F.2d at 1162 (stating that the authority of federal courts to grant habeas relief under § 2241 is limited by § 2255). Accordingly, the district court did not err by dismissing Moore's § 2241 petition.

 To the extent that Moore is asking this court to authorize the district court to consider his successive § 2255 motion, we decline to do so. Under the AEDPA, § 2244(b) requires the dismissal of a successive petition unless "the claim relies on a new rule of constitutional law" or "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence". 28 U.S.C. § 2244(b)(1) and (2) (1998). Here, Moore has not demonstrated that he is relying on a new rule of constitutional law that has been made retroactive to habeas corpus or that he has evidence that could not have previously been discovered by due diligence. Accordingly, he has not made a prima facie showing that he has satisfied the requirements of section 2244(b).[2]

**AFFIRMED.**

---

**2.** All outstanding motions are denied as moot.