Jorge Luis Jaime QUINTANA,
Petitioner–Appellant,

v.

Stephen F. PONTESSO, Warden,
Respondent–Appellee.

No. 99–16332.

D.C. No. CR–98–02322–EHC.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 22, 2001.

Before WALLACE, SILVERMAN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM [2]

Jorge Luis Jaime Quintana appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 habeas petition challenging the legality of his drug trafficking convictions. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Quintana contends that the district court erred by dismissing his § 2241 petition attacking his convictions because it is the only form of collateral relief available in light of the limitations imposed by the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The denial of permission to file a successive § 2255 motion, however, does not render federal habeas relief ineffective or inadequate, and because Quintana failed to show how a § 2255 motion was an inadequate or ineffective remedy, he was not entitled to petition for relief under § 2241. *See Moore v. Reno,* 185 F.3d 1054, 1055 (9th Cir.1999) (per curiam) (concluding that a habeas petitioner may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

§ 2241 rather than § 2255), *cert. denied,* 528 U.S. 1178, 120 S.Ct. 1214, 145 L.Ed.2d 1115 (2000).[3]

AFFIRMED.[4]

---

**3.** To the extent that Quintana challenges the district court's denial of his motion for reconsideration of the denial of his § 2241 petition, we conclude the district court did not abuse its discretion. *See Shalit v. Coppe,* 182 F.3d 1124, 1132 (9th Cir.1999). We further decline to address Quintana's contention that the Suspension Clause prohibits foreclosing § 2241 relief under the AEDPA. *See Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (holding that the restrictions on successive habeas corpus petitions do not violate the Suspension Clause).

**4.** Quintana's outstanding motion is denied as moot.

