Wayne PORTER, Petitioner–Appellant,

v.

Mike ADAMS, Warden, Respondent–Appellee.

No. 00–55754.

United States Court of Appeals, Ninth Circuit.

Filed March 22, 2001

Before: WALLACE, SILVERMAN and W. FLETCHER, Circuit Judges.

**ORDER**

The district court dismissed petitioner Wayne Porter's 28 U.S.C. § 2241 petition for writ of habeas corpus. Porter filed a notice of appeal. This court construed the notice of appeal as a request for a certificate of appealability ("COA") and directed the district court to rule on the request. The district court subsequently denied the COA.

On its face, Porter's petition raises the same or similar claims that were raised in his original 28 U.S.C. § 2255 motion filed in the district court in North Carolina, where he was convicted. Porter is attacking the legality of his underlying *convictions* on double jeopardy grounds. A section 2255 motion to the sentencing court is generally the proper vehicle for challenging a conviction. *See* 28 U.S.C. § 2255; *Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir.1988). Although the district court recognized that Porter's contentions would be cognizable in a section 2255 motion, it did not explicitly construe the section 2241 petition as such.

This court has previously concluded that 28 U.S.C. § 2253(c)(1) does not require a COA in an appeal from an order denying a section 2241 petition where: (1) the detention complained of does not arise out of a process issued by a state court; or (2) it is not a section § 2255 proceeding. *See Forde v. U.S. Parole Comm'n,* 114 F.3d

878, 879 (9th Cir.1997). In light of *Forde*, we must now decide whether a successive section 2255 motion disguised as a section 2241 petition requires a COA.

Merely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive section 2255 motions. *See* 28 U.S.C. § 2255; *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir.1999) (per curiam), *cert. denied*, 528 U.S. 1178, 120 S.Ct. 1214, 145 L.Ed.2d 1115 (2000). It is apparent from the face of Porter's section 2241 petition that he raises previously unsuccessful claims attacking only the legality of his conviction and not the execution of his sentence. *Cf. Doganiere v. United States*, 914 F.2d 165, 169–70 (9th Cir.1990) (stating a section 2255 motion can test only the legality of the sentence imposed, not the manner of execution); *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir.1984) (holding that petitioners may challenge the execution of their sentences by bringing a 28 U.S.C. § 2241 petition).

We will not permit a petitioner to circumvent the successive motion bar by bringing a section 2241 petition that otherwise would not require a COA. *See* 28 U.S.C. § 2253(c)(1); *Forde*, 114 F.3d at 879. Because we conclude that *Forde* does not apply where a federal prisoner raises claims challenging the legality of his underlying conviction and sentence, as opposed to the execution of his sentence, a petitioner attacking the conviction and sentence may not seek habeas relief under section 2241 in this court without a COA. Accordingly, the request for a COA is denied. *See* 28 U.S.C. § 2253(c)(2).

COA is **DENIED.**