**Marcelino Micolta QUINTERO,**
**aka Angel Celilio Hurtado,**
**Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

No. 00–35595.

D.C. No. CV–00–05248–RJB.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 28, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WALLACE, SILVERMAN and W. FLETCHER, Circuit Judges.

### MEMORANDUM[2]

Federal prisoner Marcelino Micolta Quintero appeals pro se the district court's denial of his 28 U.S.C. § 2241 petition, challenging his 144–month sentence for importation and distribution of cocaine. We review the district court's denial of a section 2241 petition de novo, *see Moore v. Reno,* 185 F.3d 1054, (9th Cir.1999) (per curiam), *cert. denied,* 528 U.S. 1178, 120 S.Ct. 1214, 145 L.Ed.2d 1115 (2000), and we affirm.

Quintero contends that the district court erred by dismissing his section 2241 petition, alleging that the Government breached the plea agreement by failing to file a motion for reduction of sentence pursuant to Fed.R.Crim.P. 35(b). This contention is without merit. The district court correctly

determined that Quintero's claims were more properly brought pursuant to 28 U.S.C. § 2255, and that his inability to bring a second or successive motion under section 2255 does not render federal habeas relief ineffective or inadequate. *See Moore,* 185 F.3d at 1055 (holding that a petitioner may not circumvent the requirements of the AEDPA by filing a section 2241 petition); *Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir.1988). Accordingly, the district court properly dismissed Quintero's section 2241 petition. *See Moore,* 185 F.3d at 1055.

AFFIRMED.

---

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

