**Jack David MOOERS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 00–56296.

D.C. No. CV–00–00815–IEG.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.*

Decided May 29, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, FERNANDEZ and WARDLAW, Circuit Judges.

MEMORANDUM **

Former[1] federal prisoner Jack David Mooers appeals pro se the dismissal of his 28 U.S.C. § 2241 petition challenging his conviction of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We review de novo the district court's dismissal of a § 2241 petition, *see Tripati v. Henman*, 843 F.2d 1160 (9th Cir.1988), and we affirm.

Because Mooers' petition challenged the legality of his sentence rather than its execution, the district court correctly determined that his claims were more properly brought pursuant to 28 U.S.C. § 2255. *See Doganiere v. United States*, 914 F.2d 165, 169–70 (9th Cir.1990). Properly viewed as a motion under § 2255, Mooers' petition is time-barred by the statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2255. Mooers' argument that he is entitled to equitable tolling of the statute is meritless. His release from imprisonment occurred on April 24, 1995, five years before he filed his petition. Any newly discovered evidence was available to Mooers more than a year before he filed his petition. Mooers' inability to bring a motion under § 2255 because of its statute of limitations, does not render that remedy inadequate or ineffective. *See Moore v.*

---

1. Mooers filed his petition before his term of supervised release expired. Thus, we have jurisdiction over his petition because he was "in custody" at the time of filing. *See Carafas v. LaVallee*, 391 U.S. 234, 237–38, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *Jones v. Cunningham*, 371 U.S. 236, 239–40, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963).

*Reno,* 185 F.3d 1054, 1055 (9th Cir.1999) (per curiam), *cert. denied,* 528 U.S. 1178, 120 S.Ct. 1214, 145 L.Ed.2d 1115 (2000).

We find no merit in Mooers' assertion that the § 2255 escape hatch should be available to him because he is innocent of the crime for which he has been confined. Mooers has not met his burden of proving that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *see also Lorentsen v. Hood,* 223 F.3d 950, 954 (9th Cir.2000). Mooers provided a signed statement to the probation department and court in which he admitted that he knew marijuana plants were growing on his property and that he had agreed to grow the marijuana in exchange for a share of the profits from its sale.

Accordingly, the district court properly dismissed Mooers' § 2241 petition. We do not reach the merits of Mooers' claims of ineffective assistance of counsel and *Brady* violations.

AFFIRMED[2]

---

**2.** Mooers' motion to strike the answering brief is denied.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.