Ronald MOORE, Petitioner–Appellant,

v.

Patrick W. KEOHANE, Warden, Respondent–Appellee.

No. 00–55872.

D.C. No. CV–98–4662–MMM.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Submitted July 9, 2001.*

Decided July 24, 2001.

Before KOZINSKI, T.G. NELSON and TALLMAN, Circuit Judges.

## MEMORANDUM **

California state prisoner Ronald Moore appeals from the district court's dismissal of his 28 U.S.C. § 2254 petition for lack of jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we affirm.

We review de novo the district court's denial of a 28 U.S.C. § 2254 habeas petition. *See Dows v. Wood,* 211 F.3d 480, 484 (9th Cir.2000).

Moore contends that the district court erred by dismissing his section 2254 petition without prejudice, prior to determining whether it should have been construed as either a 28 U.S.C. § 2241 petition, and transferred to the district of custody, or as a section 2255 motion, and transferred to the district of his conviction. This contention lacks merit because Moore essentially seeks to avoid the procedural bars applicable to section 2254 by challenging a career offender enhancement to his current federal sentence based in part on a 1990 state conviction he now contends is invalid.

Indeed, Moore may not avoid the limitations imposed upon the filing of what is essentially a section 2254 habeas petition by fashioning it as either a section 2255 motion, or a section 2241 petition. This is particularly true where, as here, the underlying conviction Moore contends is invalid has been finally adjudicated in previ-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ous litigation. *See United States v. Moore,* 53 F.3d 341 (Table, Text in WESTLAW). Unpublished Disposition, 1995 WL 247161 (9th Cir. Apr 27, 1995).

■ Further, the record shows that Moore never applied for section 2254 habeas relief from his 1990 state conviction, and relief under section 2241 is not available to petitioners for whom relief is otherwise unavailable when the unavailability is the result of their own lack of diligence. *See Moore v. Reno,* 185 F.3d 1054, 1055 (9th Cir.1999) (per curiam), *cert. denied,* 528 U.S. 1178, 120 S.Ct. 1214, 145 L.Ed.2d 1115 (2000); *see also Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir.1988). Accordingly, the district court did not err by declining to construe Moore's section 2254 petition as a petition under section 2241.

■ Moore's contention that the district court should have construed his section 2254 petition as a section 2255 petition is foreclosed by the Supreme Court's decision in *United States v. Daniels,* 532 U.S. 374, 121 S.Ct. 1578, 1583, 149 L.Ed.2d 590 (2001)(barring further review, "if ... a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully)").[1]

AFFIRMED.

---

1.  Moore also raises the issue of whether the district court in the Northern District of California erred by transferring his action to the Central District of California. Because no certificate of appealability was granted as to this issue, it is not properly before this court. *Hiivala v. Wood,* 195 F.3d 1098, 1103–04 (9th Cir.1999), *cert. denied,* 529 U.S. 1009, 120 S.Ct. 1281, 146 L.Ed.2d 228 (2000).