**Michael Wayne McCOY, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 00–15851.

D.C. No. CV–98–05012–OWW.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 20, 2001.

Before HUG, PREGERSON, and WARDLAW Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

■ Michael Wayne McCoy is a federal prisoner convicted of 50 counts involving RICO, conspiracy, mail fraud, securities fraud, making false statements to a financial institution, bankruptcy fraud, and money laundering. He appeals the district court's denial of his 28 U .S.C. § 2255 motion claiming ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo a district court's denial of a habeas petition. *Moore v. Reno,* 185 F.3d 1054, 1054 (9th Cir.1999) (per curiam), *cert. denied,* 528 U.S. 1178, 120 S.Ct. 1214, 145 L.Ed.2d 1115 (2000). We affirm.

We issued a certificate of appealability on whether McCoy's appellate counsel was ineffective for failing to object to a two-level upward adjustment for obstruction of justice. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (requiring petitioner to show deficient performance of counsel that prejudiced the defense). The adjustment was based on McCoy's false verbal and written statements to a California Department of Corporations ("DOC") investigator and a DOC attorney regarding his business, in what the district court found was an attempt to assure the DOC that he was not engaged in illegal conduct.

■ McCoy contends his appellate attorney provided ineffective assistance in 1995 by not appealing the district court's failure to make specific findings of actual hindrance to the DOC's investigation. The district court based the obstruction of justice enhancement on U.S.S.G. § 3C1.1, cmt. n. 3(c) (1994) (pertaining to false documents submitted in official investigation or judicial proceeding) and n. 3(g) (pertaining to false statements made to law enforcement). We subsequently held that note 3(c) does not require a showing of actual hindrance to the investigation, while note 3(g) does. *United States v. Solano-Godines,* 120 F.3d 957, 963 (9th Cir.1997). Later still, we made clear that the obstruction enhancement under note 3(g) was appropriately applied to an investigation by a state corporations commission. *United States v. Luca,* 183 F.3d 1018, 1022–23 (9th Cir.1999).

Regardless of whether an objection would have resulted in a different outcome, McCoy's attorney did not provide ineffective assistance by failing to anticipate decisions that were not available at the time of McCoy's appeal. *See Strickland,* 466 U.S. at 689–90 (requiring a showing that attorney's actions were outside wide range of reasonable professional assistance, as evaluated from counsel's perspective at time of allegedly deficient performance). Thus, the district court did not err in denying McCoy's § 2255 motion.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.