David W. CRAWFORD, Petitioner–Appellant,

v.

Steven F. PONTESSO, Warden, Respondent–Appellee.

No. 01–15078.

D.C. No. CV–00–02189–RCB.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 21, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Appellant's motion for oral argument is denied.

MEMORANDUM **

David W. Crawford appeals pro se the district court's dismissal; of his 28 U.S.C. § 2241 habeas petition challenging his sentence for being a felon in possession of a fire arm and an armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we review the district court's denial of a § 2241 petition de novo. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.1988). We affirm.

Crawford contends that the district court erred by denying his § 2241 petition for lack of jurisdiction, because 28 U.S.C. § 2255 provides an inadequate or ineffective remedy to test the legality of his detention. This contention is without merit because a district court's previous denial of relief on the merits is not alone sufficient to show that the section 2255 remedy is inadequate. *Tripati*, 843 F.2d at 1162. A habeas petitioner cannot circumvent the bar against successive § 2255 motions by bringing a § 2241 petition raising claims otherwise appropriately addressed in a § 2255 motion. *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir.2001) (affirming the denial of a § 2241 petition raising the same claims attacking petitioner's conviction that he unsuccessfully raised in a prior § 2255 motion). Accordingly, the district court properly denied Crawford's § 2241 petition.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).