**John Joseph James BURNS, Petitioner–Appellant,**

v.

**Robert A. HOOD, Respondent–Appellee.**

**No. 00–35698.**

**D.C. No. CV–00–00232–ALH.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001 *.

Decided Nov. 13, 2001.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KLEINFELD, McKEOWN, and FISHER, Circuit Judges.

### MEMORANDUM **

Federal prisoner John Joseph James Burns appeals pro se from the district court's dismissal of his 28 U.S.C. § 2241 petition for lack of jurisdiction. Burns contends that his conviction and sentence are unconstitutional because the court lacks jurisdiction over him and because he is actually innocent. We have jurisdiction under 28 U.S.C. § 1291, review de novo, *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir.1997), and affirm.

Although Burns currently has a 28 U.S.C. § 2255 petition pending in the District of Idaho, he alleges that such remedy is inadequate and ineffective, and, therefore, seeks to challenge the legality of his conviction by way of filing a 28 U.S.C. § 2241 petition in the District of Oregon where he is currently incarcerated. Burns contends that the AEDPA's restrictions on successive petitions, the district court's alleged bias, and failure to timely rule on his petition render section 2255 an inadequate and ineffective remedy. *See Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir.1999) (stating that a federal habeas prisoner authorized to seek relief under section 2255 may not petition for habeas relief pursuant to section 2241 unless it appears that the section 2255 petition is inadequate or ineffective to test the legality of his detention).

Because we have previously considered and rejected such arguments, we affirm the district court's dismissal of Burns's section 2241 petition. *See id.* (concluding that the successive petition provision of the AEDPA does not render section 2255 inadequate or ineffective); *Pirro*, 104 F.3d at 300 (stating that delay in disposition of section 2255 motion does not render it an inadequate or ineffective remedy); and *Tripati v. Henman*, 843 F.2d 1160, 1163 (9th Cir.1988) (stating that alleged judicial bias does not demonstrate inadequacy where recusal or disqualification remedies available).

This decision is without prejudice to allow the petitioner to file a petition for writ of mandamus if the district court in Idaho has not ruled on the 2255 petition within 90 days.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.