**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Travon MUSTIN, Defendant–Appellant.**

No. 01–50137.

D.C. No. CR–96–00753–R–01.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Jan. 2, 2002.

Before SCHROEDER, Chief Judge, TROTT and PAEZ, Circuit Judges.

## MEMORANDUM **

Travon Mustin appeals both the district court's partial dismissal of his 28 U.S.C. § 2255 motion and the resentencing conducted after the district court's partial granting of his motion. We have jurisdiction pursuant to 28 U.S.C. § 2253, and affirm.

Mustin contends his resentencing violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) because the firearm sentence enhancement

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

under USSG § 2B3.1(b)(2) was not proven beyond a reasonable doubt. Although Mustin has not received a certificate of appealability ("COA") for this issue, we construe Mustin's notice of appeal as a request for a COA, and grant his request. *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir.2001) (order).

Mustin's contention, however, is without merit because his 120–month sentence is less than the 20–year maximum provided by 18 U.S.C. § 2113(a). As such, *Apprendi* is not implicated.[1] *See United States v. Egge*, 223 F.3d 1128, 1131 n. 1 (9th Cir. 2000); *see, e.g., United States v. Panaro*, 266 F.3d 939, 954 (9th Cir.2001) (affirming USSG § 2B3.2(b)(1) enhancement).

**AFFIRMED.**

---

1. Mustin also contends the district court lacked jurisdiction. On March 30, 2001, we denied Mustin's request for a COA on this issue. As Mustin has not received a COA on this issue, we cannot entertain his appeal. *See* U.S.C. § 2253(c)(1)(B).

