**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alfredo CARNALES–ESTRADA,**
**Defendant–Appellant.**

**No. 00–30178.**

**D.C. No. CR–99–00662–RSL.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2002.*

Decided Jan. 23, 2002.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

Before KLEINFELD, HAWKINS and SILVERMAN, Circuit Judges.

MEMORANDUM **

Alfredo Carnales–Estrada appeals the 29–month sentence imposed following his guilty plea to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). His attorney has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and a motion to withdraw as counsel of record. Our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no issue for appeal.

Accordingly, we **GRANT** the motion to withdraw as counsel of record for appellant and the district court's judgment is

**AFFIRMED.**

**Rueben–Albert REYNOSA,**
**Petitioner–Appellant,**

v.

**Robert A. HOOD, Warden,**
**Respondent–Appellee.**

**No. 00–35984.**

**D.C. No. CV–00–00787–AA.**

United States Court of Appeals,
Ninth Circuit.

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Jan. 14, 2002.*

Decided Jan. 23, 2002.

Before KLEINFELD, HAWKINS and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Federal prisoner Rueben–Albert Reynosa appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 habeas petition challenging his conviction and sentence following a guilty plea to unarmed bank robbery, in violation of 18 U.S.C. § 2113(a), aiding and abetting, in violation of 18 U.S.C. § 2, and conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371. We have jurisdiction pursuant to 28 U.S.C. § 2253, review de novo the district court's denial of a § 2241 petition, *Moore v. Reno,* 185 F.3d 1054 (9th Cir.1999) (per curiam), and affirm.

Reynosa contends the district court erred by dismissing his § 2241 petition because he can no longer file a timely § 2255 motion, and the one-year statute of limitations under 28 U.S.C. § 2244(d) renders 28 U.S.C. § 2255 an inadequate and ineffective remedy to test the legality of his detention. Reynosa also contends that the district court lacked subject matter jurisdiction with respect to his underlying offense. Because Reynosa's procedural contention is without merit, we need not consider his jurisdictional contention.

Reynosa's inability to bring a motion under § 2255 because of the statute of limitations, does not render that remedy inadequate or ineffective. *See United States v. Garcia,* 210 F.3d 1058, 1060 (9th

Cir.2000) (applying statute of limitations to federal prisoners); *Moore,* 185 F.3d at 1055. Reynosa neither appealed his conviction and sentence nor filed a section 2255 motion within the applicable one-year time period. The district court's dismissal of Reynosa's petition therefore was proper.

**AFFIRMED.**

### UNITED STATES of America, Plaintiff—Appellee,

v.

### Jeremiah GREEN, Defendant— Appellant.

No. 00–50227.

D.C. No. CR–99–00052–TJH–1.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2002.*

Decided Jan. 23, 2002.

Before KLEINFELD, HAWKINS, and SILVERMAN, Circuit Judges.

---

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the