**Ernie R. SANDERS, Petitioner–Appellant,**

v.

**Stephen F. PONTESSO, Warden, Respondent–Appellee.**

No. 01–15177.

D.C. No. CV–00–02052–ROS.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2002 *.

Decided April 15, 2002.

Before BROWNING, KLEINFELD and GOULD, Circuit Judges.

### MEMORANDUM **

Ernie R. Sanders appeals pro se the district court's denial of his 28 U.S.C. § 2241 petition challenging his 188–month sentence imposed after a jury trial conviction for conspiracy with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1); possession with intent to distribute a controlled substance, in violation of § 846; and two counts of possession of controlled substances, in violation § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

"A federal habeas prisoner authorized to seek relief under 28 U.S.C. § 2255 may not petition for habeas relief pursuant to 28 U.S.C. § 2241 unless it appears that the § 2255 motion is inadequate or ineffective to test the legality of his detention." *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir.1999) (per curiam).

Sanders may not challenge his sentence pursuant to a § 2241 petition because he has failed to demonstrate that any remedy pursuant to § 2255 is inadequate or ineffective. *See Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir.2000) (recognizing that " § 2241 is not available under the inadequate-or-ineffective-remedy escape hatch of § 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of § 2255").

AFFIRMED.

---

cation and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.