**Steven L. BREES, Petitioner–Appellant,**

v.

**Raymond ANDREWS, Warden, Respondent–Appellee.**

No. 02–15063.

D.C. No. CV–01–05539–AWI.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 19, 2003.

Before LEAVY, FERNANDEZ and BERZON, Circuit Judges.

MEMORANDUM**

Federal prisoner Steven L. Brees appeals pro se the district court's denial of his 28 U.S.C. § 2241 petition, challenging his guilty plea conviction and sentence for conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and manufacturing methamphetamine, in violation of § 841(a)(1) and 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. § 2253. Reviewing de novo, *see Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.1988), we affirm.

Brees may not challenge his conviction or sentence pursuant to a § 2241 petition

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

because he has failed to demonstrate that any remedy pursuant to 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir.1999) (per curiam); *see Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir.2000) (recognizing that " § 2241 is not available under the inadequate-or-ineffective-remedy escape hatch of § 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of § 2255"). Accordingly, the district court properly dismissed Brees's § 2241 petition for lack of jurisdiction.

**AFFIRMED.**

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

