**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Eliseo PITONES–RODRIGUEZ, Defendant—Appellant.**

No. 03–10051.

D.C. No. CR–02–01715–CKJ.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.\*

Decided Sept. 17, 2003.

Christina M. Cabanillas, Maria Davila, Tucson, AZ, for Plaintiff–Appellee.

Richard Madril, Tucson, AZ, for Defendant–Appellant.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

### MEMORANDUM\*\*

Eliseo Pitones–Rodriguez appeals his conviction and thirty-month sentence following a guilty-plea conviction for one count of illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a) with an enhancement pursuant to 8 U.S.C. § 1326(b)(2).

Pitones–Rodriguez's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and has moved to withdraw as counsel of record on the ground that he failed to discover any arguable issues on appeal. Pitones–Rodriguez filed a pro se supplemental brief.[1] On July 24, 2003 the

1. The Clerk is instructed to file appellant's "Application for Certificate of Appealability" received on July 11, 2003, which is construed as a supplemental pro se brief.

government filed notice that no response to the opining and supplemental brief would be filed.

Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 83–84, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no arguable issues.[2] We therefore **GRANT** counsel's motion to withdraw and **AFFIRM** the district court's judgment.

**AFFIRMED.**

---

**2.** We decline to review appellant's ineffective assistance of counsel claim as it is generally better addressed in a collateral proceeding. *See United States v. Gaither*, 245 F.3d 1064, 1069 (9th Cir.2001). Although appellant previously challenged the execution of his sentence in a 28 U.S.C. § 2241 petition, that should not preclude appellant from bringing this claim in a 28 U.S.C. § 2255 motion. *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir.2001) (clarifying that § 2255 motions test the legality of the sentence imposed, while § 2241 petitions challenge the execution of the sentence).

