**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Patrick GRADY, Defendant–Appellant.**

No. 00–35803.
D.C. No. CV–00–5133 JET,
CR–88–00034–JET.

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 2003.*

Decided Dec. 16, 2003.

Fed.R.App.P. 34(a)(2).

Annette L. Hayes, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Kenneth E. Kanev, Esq., Seattle, WA, Patrick Grady, pro se, Sheridan, OR, for Defendant–Appellant.

Before D.W. NELSON, THOMAS, Circuit Judges, and ILLSTON, District Judge.**

MEMORANDUM ***

I.

In July, 1988, appellant Patrick Grady was convicted following jury trial of conspiracy to distribute cocaine (21 U.S.C. §§ 841(a) and 846), distribution of cocaine (21 U.S.C. § 841(a)) and several related telephone offenses (21 U.S.C. § 843(b)). In September, 1988, he was sentenced to 25 years of imprisonment. In June, 1990, following the Supreme Court's decision in *Mistretta v. United States,* 488 U.S. 361,

109 S.Ct. 647, 102 L.Ed.2d 714 (1989), he was resentenced under the Sentencing Guidelines to 293 months in prison followed by five years supervised release. He was not convicted of violating 21 U.S.C. § 848, the continuing criminal enterprise statute. He now argues that he was sentenced in violation of *Richardson v. United States,* 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), because the jury was not asked to make a unanimous finding regarding the contested drug quantity that the sentencing court used to increase his sentence.

As appellant concedes, the *Richardson* holding applies only to those charged with or convicted of 21 U.S.C. § 848: "[A] jury in a federal criminal case brought under § 848 must unanimously agree not only that the defendant committed some 'continuing series of violations' but also that the defendant committed each of the individual 'violations' necessary to make up that 'continuing series.' " *Richardson,* 526 U.S. at 816, 119 S.Ct. 1707. Appellant argues, however, that the rationale of jury unanimity behind *Richardson* should apply to his claim. He argues that his rights to due process were violated when the sentencing court made drug quantity findings based on evidence with which the jury was never presented and on which it never reached a unanimous verdict. However, *Richardson* dealt with the substantive elements of the continuing criminal enterprise statute, not to statutory sentencing factors.

Appellant also asserts that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) would require that the jury decide the contested drug quantity in his case. However, *Apprendi* was

---

** The Honorable Susan Y. Illston, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

decided long after appellant's conviction became final. It announced a new constitutional rule of criminal procedure which had not been announced at the time that appellant's conviction became final; and, as was decided by this court in *United States v. Sanchez–Cervantes,* 282 F.3d 664, 671 (9th Cir.2002), does not apply retroactively to cases on collateral review.

## II.

Prior to filing this challenge to the legality of his sentence, appellant had already filed one petition under 28 U.S.C. § 2255. He was therefore prohibited by AEDPA from filing another § 2255 petition, unless he first obtained certification from this Court that his petition was premised on newly discovered evidence or a new rule of constitutional law. Appellant has previously requested, and was denied, such certification from this court.

Appellant therefore couched this claim as a petition for habeas corpus under 28 U.S.C. § 2241, even though this kind of challenge to the legality of the sentence must normally be brought pursuant to § 2255. He argues that he may do so here under § 2255's savings clause: "Under the savings clause of § 2255 ... a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Hernandez v. Campbell,* 204 F.3d 861, 865 (9th Cir. 2000) (citing 28 U.S.C. § 2255 and *Moore v. Reno,* 185 F.3d 1054, 1055 (9th Cir. 1999)). This exception has been applied where defendants have claimed "actual innocence" of the substantive offense, including at least one instance where the actual innocence claim was based on *Richardson v. United States. See Jeffers v. Chandler,*

234 F.3d 277 (5th Cir.2000). Such an exception, however, does not apply to appellant, whose claim is not controlled by or affected by *Richardson v. United States.*

The district court correctly concluded that the § 2241 petition for writ of habeas corpus should be construed as a motion pursuant to 28 U.S.C. § 2255, and the court correctly dismissed it as a second or successive petition not authorized by the Court of Appeals. 28 U.S.C. § 2244(b)(3).

AFFIRMED.