**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Marvin Bruce HOLMES, Defendant— Appellant.**

No. 04–35836.

D.C. Nos. CV–04–00125–JWS, CR–99–00105–JWS.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.[*]

Decided May 16, 2005.

Kevin R. Feldis, Jo Ann Farrington, Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Marvin Bruce Holmes, Adelanto, CA, pro se.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM[**]

Federal prisoner Marvin Bruce Holmes appeals pro se the district court's judgment, characterizing his 28 U.S.C. § 2241 habeas petition as a 28 U.S.C. § 2255 motion and then denying the motion. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, United States v. Chacon–Palomares, 208 F.3d 1157, 1158 (9th Cir.2000), and we affirm.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Holmes' section 2241 habeas petition to the district court attacked the government's jurisdiction over his conviction. The district court correctly concluded that this issue is specifically permitted to be raised in a section 2255 motion, *see* 28 U.S.C. § 2255, and thus properly construed Holmes' petition as a section 2255 motion. *See Moore v. Reno,* 185 F.3d 1054, 1055 (9th Cir.1999).

Therefore, the district court correctly dismissed Holmes' petition as a second or successive petition not authorized by the Court of Appeals. *See* 28 U.S.C. § 2244(b)(3).

All pending motions are denied.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.