NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PHILLIP T. CHARLESTON, named Phillip T Charleston - El,<br><br>Petitioner-Appellant,<br><br>v.<br><br>WILLIAM W. LOTHROP, Warden,<br><br>Respondent-Appellee. | No. 20-16367<br><br>D.C. No. 2:20-cv-00878-JAT-ESW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted July 19, 2021**

Before: SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Phillip T. Charleston appeals pro se from the district court's order

dismissing his 28 U.S.C. § 2241 habeas corpus petition. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo, *Stephens v. Herrera*, 464 F.3d 895,

897 (9th Cir. 2006), and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Charleston contends that the Bureau of Prisons ("BOP") is improperly executing his sentence by including 84 months for Count 2, which had been dismissed. The record shows that, at the government's request, Count 2 was reinstated six days later and Count 3 was instead dismissed. The record further shows that the jury convicted Charleston of Count 2 and the district court imposed an 84-month sentence thereon. The judgment has not been vacated or amended to change the 84-month sentence. Therefore, the BOP is correctly executing a valid judgment and the district court properly denied § 2241 relief. *See United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.").

This court lacks jurisdiction to consider Charleston's constitutional challenge to the reinstatement and conviction on Count 2 because it was not certified for appeal. *See Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir. 2002) ("Courts of Appeals lack jurisdiction to resolve the merits of any claim for which a COA is not granted."); *see also Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) (order) (holding that a successive § 2255 motion disguised as a § 2241 petition requires a COA). Insofar as Charleston seeks reconsideration of this court's denial of a COA as to that claim, it is denied.

**AFFIRMED**.

20-16367