NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

OCT 19 2021

FOR THE NINTH CIRCUIT

DANTE MARTINEZ-LIZALDE,

Petitioner-Appellant,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent-Appellee.

No.   20-56127

D.C. No.
5:19-cv-02480-MCS-JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Submitted October 12, 2021[**]

Before:    TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Dante Martinez-Lizalde appeals pro se from the district court's order

dismissing his 28 U.S.C. § 2241 habeas corpus petition.  We have jurisdiction

under 28 U.S.C. §§ 1291 and 2253.  We review de novo, *Zavala v. Ives*, 785 F.3d

367, 370 (9th Cir. 2015), and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We lack jurisdiction to consider Martinez-Lizalde's challenges to his criminal convictions because these claims were not certified for appeal. *See Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir. 2002) ("Courts of Appeals lack jurisdiction to resolve the merits of any claim for which a COA is not granted."); *see also Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) (order) (holding that a successive § 2255 motion disguised as a § 2241 petition requires a COA). To the extent Martinez-Lizalde seeks reconsideration of this court's denial of a COA as to that claim, it is denied.

To the extent Martinez-Lizalde challenges his final order of removal, the district court did not err in determining that it lacked jurisdiction to consider the issue. *See Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (REAL ID Act "eliminated habeas jurisdiction, including jurisdiction under 28 U.S.C. § 2241, over final orders of deportation, exclusion, or removal"); *see also* 8 U.S.C. § 1252(a)(5) (notwithstanding § 2241 or any other habeas provision, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal").

Martinez-Lizalde fails to raise, and therefore has waived, any argument that the district court erred in its remaining conclusions. *See Jones v. Wood*, 207 F.3d

557, 562 n.2 (9th Cir. 2000) (issues not specifically raised and argued in a party's opening brief are waived).

**AFFIRMED.**