GLD-200                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1296
_____

JAMES T. KIMBALL,
                                    Appellant

v.

DELBERT SAUERS, WARDEN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:12-cv-01776)
District Judge:  Honorable Edwin M. Kosik
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6 and for Possible Issuance
of a Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)
April 18, 2013

Before:  FUENTES, FISHER and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 24, 2013 )
_____

OPINION
_____

PER CURIAM

James T. Kimball appeals pro se from the District Court's order dismissing his petition for a writ of habeas corpus. Because the appeal presents no substantial question, we will summarily affirm the District Court's order.

I.

In 2000, the United States District Court for the Middle District of Florida convicted Kimball of conspiracy to distribute a prescription drug without a prescription with the intent to defraud or mislead, and related offenses. The court sentenced Kimball to 13 years' imprisonment and Kimball unsuccessfully pursued a direct appeal. The District Court denied his subsequent 28 U.S.C. § 2255 motion.

In September 2012, while incarcerated at the Federal Corrections Complex at Allenwood, Kimball filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He alleged that, during his sentencing hearing, the trial judge accepted new charges without requiring an indictment, found Kimball guilty of the new charges, and then added 150 months onto Kimball's sentence. Although he also alleged that the trial judge refused to appoint counsel, Kimball stated that this particular issue was not the basis of his habeas petition. The Magistrate Judge determined that Kimball failed to demonstrate that a motion under section 2255 would be an inadequate or ineffective remedy. Overruling Kimball's objections to the Magistrate Judge's report and recommendations, the District Court dismissed the petition for lack of jurisdiction. Kimball filed a timely notice of appeal.

2

II.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a).[1] We exercise plenary review over the District Court's legal conclusions. Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007). We may summarily affirm a judgment of the District Court on any basis supported by the record if the appeal does not raise a substantial question. See I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011).

III.

The District Court properly dismissed Kimball's section 2241 petition for lack of jurisdiction. A motion filed under section 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). By contrast, section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that challenges to the execution of a sentence include, e.g., challenges to wrongful revocation of parole, place of imprisonment, and credit for time served) (internal citations omitted). Here, Kimball claimed the trial court illegally increased his sentence upon making a factual determination during his sentencing hearing.[2] We therefore agree with the District Court that Kimball's claim is actually an

_____

[1] A certificate of appealability is not required to appeal the denial of a section 2241 petition. Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

[2] See S. Union Co. v. United States, 132 S. Ct. 2344 (2012).

attack on the validity of his sentence and, as such, must be brought pursuant to section 2255.

However, a petitioner can seek relief under section 2241 if the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Rather, the "safety valve" provided under section 2255 is extremely narrow and applies only in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for actions later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251).

Section 2255 is not inadequate or ineffective to test the legality of Kimball's detention. Kimball seeks to invoke the "safety valve" by way of the Supreme Court's recent decision in S. Union Co. v. United States, 132 S. Ct. 2344 (2012), which applied the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), to the imposition of criminal fines. Importantly, though, Kimball has not argued that Southern Union deemed his actions to be non-criminal. Rather, Kimball asked the District Court to hold that Southern Union invalidates his sentence. This is an argument that falls within the normal

4

ambit of section 2255, and outside of the unusual situation recognized by cases like Dorsainvil.[3]

Kimball also expressed concern that section 2255 is inadequate for two additional reasons. First, he stated that the trial court, which is the court that would hear any successive section 2255 motion, will not admit to falsely imprisoning him. However, the perceived bias of the trial court is not a basis for a section 2241 petition. See Tripati v. Henman, 843 F.2d 1160, 1163 (9th Cir. 1988) (stating that alleged judicial bias does not render section 2255 inadequate or ineffective because a petitioner may raise the issue of bias on appeal or in a motion for recusal). Second, Kimball acknowledged that his claim would not likely succeed under the strict gatekeeping requirements that apply to successive section 2255 motions. He may be correct, but it is well-settled that the mere fact a petitioner faces the strict gatekeeping requirements applicable to successive section 2255 motions does not make section 2255 an inadequate or ineffective remedy. See Cradle, 290 F.3d at 539. For these reasons, Kimball has not shown that section 2255 is "inadequate or ineffective" to test the legality of his detention. See In re Dorsainvil, 119 F.3d at 251.

Accordingly, the District Court did not err in dismissing Kimball's section 2241 petition for lack of jurisdiction. For substantially the same reasons set forth by the

---

[3] We note that, in any case, Kimball could have raised an Apprendi claim in his initial section 2255 motion.

5

District Court, we will summarily affirm the District Court's order dismissing Kimball's

section 2241 petition. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.