CLD-239                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1559
_____

BERNARD BARNETT,
                              Appellant

v.

DAVID EBBERT, U.S.P. Canaan Warden
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:13-cv-00192)
District Judge:  Honorable William J. Nealon
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
May 16, 2013
Before:  RENDELL, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed June 5, 2013)
_____

OPINION
_____

PER CURIAM

Bernard Barnett appeals pro se from the District Court's order dismissing his petition for a writ of habeas corpus. Because the appeal presents no substantial question, we will summarily affirm the District Court's order.

I.

In 1991, a jury in the Southern District of New York convicted Barnett of possession with intent to distribute a controlled substance, among other offenses. The District Court sentenced Barnett to life in prison, based in part on his career offender status. Since the United States Court of Appeals for the Second Circuit affirmed his sentence and conviction, Barnett has filed a number of unsuccessful 28 U.S.C. § 2255 motions and 28 U.S.C. § 2241 petitions.

In 2011, the Second Circuit determined that one of Barnett's proposed section 2255 motions was not second or successive, and transferred the motion to the Southern District of New York. The District Court then dismissed the motion as untimely, and the Second Circuit denied leave to appeal pursuant to In re Martin-Trigona, 9 F.3d 226 (2d Cir. 1993).

While confined in the United States Penitentiary at Canaan, in Waymart, Pennsylvania, Barnett filed a section 2241 petition in the District Court for the Middle District of Pennsylvania. Arguing that the Second Circuit suspended the writ of habeas corpus, he challenged the propriety of the Second Circuit's decision to deny leave to appeal in light of that court's previous decision to transfer his motion to the Southern District of New York for treatment as a first section 2255 motion. The Middle District of

2

Pennsylvania dismissed Barnett's petition because Barnett did not establish that section 2255 was an inadequate or ineffective remedy. Barnett filed a timely notice of appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a).[1] We exercise plenary review over the District Court's legal conclusions. Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007). We may summarily affirm a judgment of the District Court on any basis supported by the record if the appeal does not raise a substantial question. See I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

The District Court properly dismissed Barnett's section 2241 petition for lack of jurisdiction. A motion filed under section 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). By contrast, section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that challenges to the execution of a sentence include, e.g., challenges to wrongful revocation of parole, place of imprisonment, and credit for time

---

[1] A certificate of appealability is not required to appeal the denial of a section 2241 petition. Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

served) (internal citations omitted). Here, Barnett's underlying section 2255 motion challenged the validity, rather than the execution, of his sentence. We therefore agree with the District Court that Barnett's claims must be brought pursuant to section 2255.

However, a petitioner can seek relief under section 2241 if the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Rather, the "safety valve" provided under section 2255 is extremely narrow and applies only in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for actions later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251).

Section 2255 is not inadequate or ineffective to test the legality of Barnett's detention. Barnett asserted four claims, all of which take issue with the Second Circuit Court of Appeals' denial of leave to appeal after that court initially determined that Barnett's section 2255 motion was not second or successive. However, as the District Court noted, a motion may be untimely even though it is not second or successive. The mere fact that the one-year statute of limitations has expired does not make section 2255 an inadequate or ineffective remedy. See Cradle, 290 F.3d at 539. Nor would section

4

2255 be inadequate or ineffective just because Barnett faces the stringent gatekeeping requirements for filing a second or successive section 2255 motion, should he seek to again file his motion in the Southern District of New York. Id. To the extent Barnett's petition expressed concern that the Southern District of New York will not fairly adjudicate his claims, we note that the perceived bias of the trial court is not a basis for a section 2241 petition. See Tripati v. Henman, 843 F.2d 1160, 1163 (9th Cir. 1988) (stating that alleged judicial bias does not render section 2255 inadequate or ineffective because a petitioner may raise the issue of bias on appeal or in a motion for recusal). For these reasons, Barnett has not shown that section 2255 is "inadequate or ineffective" to test the legality of his detention. See In re Dorsainvil, 119 F.3d at 251.

Accordingly, the District Court did not err in dismissing Barnett's section 2241 petition for lack of jurisdiction. For substantially the same reasons set forth by the District Court, we will summarily affirm the District Court's order dismissing Barnett's section 2241 petition. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.